404 So.2d 954 (1981)
STATE of Louisiana
v.
Corbie Lynn WILLIAMS.
No. 81-K-1124.
Supreme Court of Louisiana.
September 28, 1981.
*955 Daryl Gold, Leesville, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William E. Tilley, Dist. Atty., Mark H. Kramar, Asst. Dist. Atty., for plaintiff-respondent.
WATSON, Justice.[*]
Defendant, Corbie Lynn Williams, was convicted of reckless operation of a vehicle and resisting an officer, in violation of LSA-R.S. 14:99 and LSA-R.S. 14:108. He was given two concurrent ninety day sentences plus a fine of $350 or an additional ninety days. A writ was granted to consider defendant's contention that he was denied his right to trial by jury. 400 So.2d 906 (La.).[1] Two interrelated issues are posed: Was the defendant entitled to trial by jury and, if so, did he waive that right?
In the early morning hours, Williams was driving a group of friends to Leesville, Louisiana, when state trooper William Withers attempted to stop the car for speeding. After a high-speed chase, Williams was stopped and charged with three offenses: speeding, LSA-R.S. 32:61; reckless operation of a vehicle, LSA-R.S. 14:99; and resisting an officer, LSA-R.S. 14:108. Three bills of information were filed. Williams, represented by counsel, pleaded guilty to the speeding charge prior to trial.[2] Defendant's counsel did not object to consolidation of the remaining charges for trial, and a consolidated trial was held.
At no time was trial by jury mentioned. There was no request for trial by jury nor was the possibility of trial by jury alluded to by the court or the prosecution.
When two or more charges are joined for trial, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. If the total potential punishment exceeds six months imprisonment, an accused is entitled to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). LSA-Const. Art. 1, Sect. 17; State v. McCarroll, 337 So.2d 475 (La., 1976).
Williams was charged with separate offenses in separate bills of information. Two or more bills of information may be consolidated if the offenses could have been joined in a single bill. LSA-C.Cr.P. art. 706. When consolidated, the law considers all charges as if they were originally joined in a single bill. When charges are joined the total possible punishment is the sum of the maximum possible for each. The maximum possible imprisonment for the offense of reckless operation of a vehicle is ninety days; for the offense of resisting an officer, six months. Since the total possible punishment *956 exceeded six months imprisonment, Williams was entitled to trial by jury.[3]
One who is entitled to trial by jury can waive that right.[4] However, jury trial waiver is not presumed.
"Although the right to a jury trial may be waived in a non-capital case, Art. 1, Sect. 17 requires that the waiver be `knowingly and intelligently' made. Therefore, we must indulge every reasonable presumption against waiver of this fundamental right." State v. McCarroll, supra, 337 So.2d at 480.
See also State v. Muller, 351 So.2d 143 (La., 1977).
Nothing in this record shows that Williams knowingly and intelligently waived his right to trial by jury. There is no indication that Williams was informed by the court or counsel of his right and no suggestion of waiver. The presumption against waiver has not been rebutted.
For the foregoing reasons, the convictions and sentences are reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
This is a direct appeal in which defendant contends he was denied his constitutional right to a jury trial. The minutes are silent as to whether defendant waived that right. However, defendant, assisted by counsel, proceeded into a bench trial without objection.
Since the defendant did not object to the consolidation of the two bills of information for trial in a single proceeding, the issue was not preserved for review on direct appeal, and defendant should be relegated to a post-conviction attack.
In a post-conviction attack defendant would have the burden of proving he was unaware of his rights, since only then does the question of waiver have constitutional dimension. Although the omission from the minutes would be favorable evidence for the defense, the prosecution should have the opportunity to show that defendant, through the court or counsel or some other source, was aware of his jury trial right and waived it by proceeding without objection.
I would affirm the conviction.
NOTES
[*] Judge Edmond L. Guidry and G. William Swift of the Court of Appeal, Third Circuit, and Judge Robert J. Klees of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Justices Calogero, Dennis, Watson and Lemmon.
[1] Defendant alleged other errors which are pretermitted.
[2] There is no complaint about the guilty plea on the speeding charge.
[3] Cf. State v. Jones, 396 So.2d 1272 (La., 1981) which reversed defendant's convictions and sentences where the state was allowed to sever properly joined offenses solely to deny defendant a jury trial.
[4] LSA-Const. 1974, Art. 1, Sect. 17:

"... Except in capital cases, a defendant may knowingly and intelligently waive his right to trial by jury."