439 So.2d 398 (1983)
STATE of Louisiana
v.
Dale J. LAURENDINE.
No. 82-KA-1819.
Supreme Court of Louisiana.
October 17, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry J. Morel, Jr., Dist. Atty., Harry Morgan, Abbott J. Reeves, Gregory Champagne, Asst. Dist. Attys., for plaintiff-appellee.
Daniel T. McKearan, Jr., Harahan, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant Dale J. Laurendine was charged with violations of R.S. 14:98 (driving while intoxicated), R.S. 14:100 (hit and run driving) and R.S. 32:53A (improper equipment on vehicle). The charges were brought on three separate bills of information. The maximum penalty for a first offender under R.S. 14:98 is a $400 fine and six months in prison. The maximum penalty under R.S. 14:100 is a $500 fine and six months in prison. The maximum penalty for a violation by a first offender of R.S. 32:53 A is set out in R.S. 32:57 and consists of a $100 fine and imprisonment for thirty days.
*399 Trial before the judge alone was had on May 18, 1982 on all three charges at once, without mentioning "consolidation," or "jury trial." Defendant was found guilty on the DWI charge and the hit and run driving charge. The improper equipment charge was dismissed for lack of evidence. On the DWI conviction, defendant was sentenced to pay a fine of $400 and to serve fifteen days in jail. On the hit and run driving charge, he was sentenced to pay a fine of $250 and serve fifteen days in jail.
"... When consolidated, the law considers all charges as if they were originally joined in a single bill. When charges are joined the total possible punishment is the sum of the maximum possible for each...." State v. Williams, 404 So.2d 954, 955 (La.1981). The possible sentence, when each maximum sentence in this case is totaled, is more than six months imprisonment; therefore, defendant was entitled to a jury trial. La. Const., art. 1, § 17; State v. Williams, supra; State v. Grimble, 397 So.2d 1254 (La.1980); State v. McCarroll, 337 So.2d 475 (La.1976).
One who is entitled to a jury trial may waive that right; however, jury trial waiver is not presumed. McCarroll, supra at 480. As in State v. Williams, supra, nothing in this record indicates that the defendant knowingly and intelligently waived his right to trial by jury, nor even that he was given the opportunity. In fact, this case is indistinguishable from State v. Williams.[1]
Defendant's third assignment of error, therefore, has merit. We need not consider the other assignments regarding sufficiency of the evidence.
For the foregoing reasons, the convictions and sentences are reversed, and the case is remanded for a new trial.
LEMMON, J., dissents for the reasons assigned in State v. Williams, 404 So.2d 954 (La.1981).
BLANCHE, J., dissents.
NOTES
[*] Bailes, J., sitting for Justice Marcus.
[1] State v. Comeaux, 408 So.2d 1099 (La.1981), is distinguishable. There, defendant was charged in separate affidavits. Defendant never moved for consolidation, but objected when the state commenced the trial, on one charge alone, on the ground that he was being deprived of his right to a jury trial. The argument was rejected, the court finding that defendant was tried in two separate cases.