FORET, Judge.
Defendant, James H. Thompson, was charged by four separate bills of information in the Twenty-Eighth Judicial District Court, in and for the Parish of LaSalle, with violation of:
(1) R.S. 14:98 (driving while intoxicated, second offense),
(2) R.S. 14:95(A)(1) (illegally carrying a weapon),
(3) R.S. 14:108 (resisting arrest), and
(4) R.S. 32:61 (speeding).
Defendant was tried on all four counts simultaneously, and convicted, by judge trial, on March 11, 1983. He was sentenced on all four counts, sentences to run concurrently, by the trial judge. However, we need not mention herein the sentences imposed because of the disposition which we make of the case on this appeal.
Although the defendant has filed a brief in this matter arguing four assignments of error, he has failed to file any formal assignments of error. See LSA-C. Cr.P. Article 844. As a result of this failure, the defendant’s case is subject only to a review of the record for patent errors. LSA-C.Cr.P. Article 920(2); State v. Zeno, 322 So.2d 136 (La.1975). Such a review does, however, reveal a fundamental error.
The maximum penalty for a second offense under R.S. 14:98 is a $500 fine and six months in prison. The maximum penalty under R.S. 14:95 is a $500 fine and six months in prison. The maximum penalty under R.S. 14:108 is a $500 fine and six months in prison. The maximum penalty for violation of R.S. 32:61 is a $100 fine and thirty days in jail as provided by R.S. 32:57. The defendant was tried on all of these charges at once without the mention of consolidation. Under such circumstances, the charges are considered as if they were joined and the total possible punishment is the sum of the maximum possible for each charge. State v. Laurendine, 439 So.2d 398 (La.1983); State v. Williams, 404 So.2d 954 (La.1981). When the maximum sentences are totaled in this case, the sum is greater than six months imprisonment and, therefore, defendant was entitled to a jury-trial. LSA-Const., Art. 1, § 17; State v. Laurendine, supra; State v. Williams, supra.
Although a defendant who is entitled to a jury trial may waive that right, such waiver is not presumed. State v. Laurendine, supra; State v. Williams, supra. Nothing in the record before this Court indicates that defendant waived his right to a jury trial. In fact, there is absolutely no mention of “jury trial” in the record. Under the circumstances, there is an error patent on the face of the record.
For the foregoing reasons, defendant’s convictions are reversed, the sentences vacated, and the case is remanded for a. new trial.
REVERSED AND REMANDED.