447 So.2d 4 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Arthur SMITH, Jr., Defendant-Appellant.
No. CR83-417.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Rehearing Granted March 7, 1984.
On Rehearing April 9, 1984.
*5 Nolan J. Edwards, Edwards, Stefanski & Barousse, Crowley, for defendant-appellant.
Glenn B. Foreman, and Robert T. Cline, Asst. Dist. Attys., Crowley, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Defendant, Arthur Smith, Jr., was charged by bill of information with negligent homicide. LSA-R.S. 14:32. Following a bench trial, defendant was found guilty and sentenced to four years at hard labor. Defendant now appeals on the basis of six assignments of error. Considering that the record fails to show that defendant knowingly and intelligently waived his right to trial by jury, we reverse and remand for new trial.

FACTS
At approximately 6:30 p.m. on March 7, 1982, a vehicular collision occurred on Louisiana Highway 13, south of Eunice in Acadia Parish. As a result of this collision, Mr. Glenn Macip was killed.
It was established at trial that Mr. Macip, along with two passengers, was traveling north on Highway 13 towards Eunice. Defendant was traveling south at a very high speed. As the defendant's vehicle approached a bridge, it struck an abutment ricocheting into the northbound lane of traffic. The vehicle then collided head-on with the victim's vehicle. Mr. Macip was pronounced dead at the scene.
Following the accident, defendant was given a field sobriety test, which he failed. Reportedly, defendant threw beer cans out of his automobile moments after the collision. A medical examination of the defendant revealed that he was not injured in the collision. He was subsequently arrested by a state trooper, and tried and convicted by the trial judge for negligent homicide. LSA-R.S. 14:32.

PATENT ERROR: LSA-C.Cr.P.

Art. 920(2)
An error patent which is discoverable upon mere inspection of the pleadings and minutes may be asserted at any time, and even if not asserted may be noted ex proprio motu. LSA-C.Cr.P. art. 920(2); State v. Buttner, 411 So.2d 35 (La.1982). Upon initial review of the record, we note the following patent error:
Defendant was charged with negligent homicide which entitled him to a trial by jury. LSA-Const. art. 1 section 17.
One who is entitled to a jury trial may knowingly and intelligently waive that right and receive a trial by judge; however, such waiver shall not be presumed in the absence of a contemporaneous record setting forth the articulated apprisal of that right followed by a knowingly and intelligent waiver by the accused.
*6 In this instance, the record is silent as to whether defendant was informed of his right to a jury trial. Nor is there any contemporaneous record that defendant knowingly and intelligently waived this constitutional right. LSA C.Cr.P. art. 780.
Defendant was therefore denied the fundamental right to trial by jury since there is no record that he was informed of the right or that he knowingly and intelligently waived that right. State v. Laurendine, 439 So.2d 398 (La.1983); State v. Muller, 351 So.2d 143 (La.1977); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Accordingly, defendant's conviction and sentence must be reversed and remanded for a new trial so that defendant may exercise his right to be tried by a jury or to knowingly and intelligently waive it.
Because of this patent and reversible error, we need not consider defendant's assignments of error.
For the above and foregoing reasons, defendant's conviction and sentence is reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.

ON REHEARING
PER CURIAM.
Following our judgment reversing defendant's conviction and remanding the case to the district court for a new trial, the State of Louisiana through the District Attorney of the district and parish herein, filed an application for rehearing. The application contained suggested reasons why the action of this Court was erroneous. Additionally, the district judge prepared a Per Curiam which touched upon the subject of whether or not the defendant in this case knowingly and intelligently waived his right to trial by jury.
We granted a rehearing in order to review our previous disposition of this matter.
After reviewing the record again, studying the briefs, and studying the applicable statutory law and jurisprudence, in addition to considering the State's application for rehearing and the district judge's Per Curiam, we conclude that we did not err in our previous deposition of this case.
Accordingly, the rehearing which was granted is hereby recalled, and our judgment which reversed defendant's conviction and sentence and remanded the case for a new trial, is reinstated.