479 So.2d 660 (1985)
STATE of Louisiana, Appellee,
v.
David H. SALATA, Appellant.
Nos. CR84-562, CR84-563.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
Vincent J. Saitta, Fazzio & Saitta, Lafayette, for appellant.
Edward B. Broussard, Asst. Dist. Atty., Lafayette, for appellee.
Before FORET, YELVERTON and KING, JJ.
FORET, Judge.
Defendant, David H. Salata, was charged with operating a motor vehicle while intoxicated and failure to maintain control of a motor vehicle in violation of LSA-R.S. 14:98 and 32:58. Defendant was found guilty of operating a motor vehicle while intoxicated, but cleared of the failure to maintain control charge. On April 24, 1984, defendant was sentenced to thirty days in the parish jail. That sentence was suspended for all but two days, which were conditionally suspended.[1] Defendant has appealed his sentence and conviction and advances three assignments of error.
Although defendant has not urged this Court to review for errors patent on the face of the record, we have done so and found such an error. Consequently, we do not reach the assignments of error alleged by defendant. Defendant's conviction and sentence are therefore reversed, and the case is remanded for a new trial in accordance with the views expressed herein.
The minutes in the trial record reflect that the two charges against the defendant *661 were tried together. As in State v. Laurendine, 439 So.2d 398 (La.1983), where a de facto consolidation was found by the court, defendant Salata was tried on both charges at the same time before the trial judge, without mentioning "consolidation" or "jury trial." When charges are consolidated, they are considered as if originally joined in a single bill. State v. Laurendine, supra.
The total possible punishment for joined charges is the maximum possible for each. State v. Laurendine, supra; State v. Williams, 404 So.2d 954 (La.1981). Defendant was exposed to a possible sentence of more than six months imprisonment.[2] Under LSA-C.Cr.P. Art. 779, defendant was entitled to a jury trial. State v. Williams, supra.[3]
"One who is entitled to a jury trial may knowingly and intelligently waive that right and receive a trial by judge; however, such waiver shall not be presumed in the absence of a contemporaneous record setting forth the articulated apprisal of that right followed by a knowingly and intelligent waiver by the accused."

State v. Smith, supra, at 5.
The record in this case is silent as to whether the defendant was informed of his right to a jury trial. The absence of defendant's knowing and intelligent waiver of this constitutional right is conspicuous as well. LSA-C.Cr.P. Art. 780.
Consequently, defendant has been denied his fundamental right to a trial by jury, since there is no record that he was informed of such a right nor that he knowingly and intelligently waived that right. Accordingly, the defendant's conviction is reversed, the sentence is vacated, and the matter remanded for further proceedings. State v. Smith, supra; State v. Laurendine, supra.
CONVICTION REVERSED, SENTENCE VACATED, AND REMANDED FOR NEW TRIAL.
NOTES
[1] The two days being suspended thereafter based upon the following terms and conditions: spend four 8-hour days doing court-approved community services; attendance at a court-approved substance abuse program; attendance at a court-approved driver improvement program; and pay a fine of $450.00, plus all costs of court.
[2] The maximum penalty for a first offender under LSA-R.S. 14:98 is a $500 fine and six months in prison. The maximum penalty for a first violation of LSA-R.S. 32:58 is a $175 fine and 30 days in prison. See LSA-R.S. 32:57.
[3] Our Court has found this to be an error patent which is discoverable upon mere inspection of the pleadings and minutes and may be noted ex proprio motu. LSA-C.Cr.P. Art. 920(2); State v. Smith, 447 So.2d 4 (La.App. 3 Cir.1984).