ARMSTRONG Judge.
The defendant, Henry Bianchini, was charged by separate bills of information with a violation of R.S. 14:98 relative to the offense of operating a vehicle while intoxicated, and with a violation of R.S. 14:99, relative to the offense of reckless operation of a vehicle. The two cases were consolidated for a bench trial on July 22, 1986. On that date the trial court found the defendant guilty as charged in both cases. On the R.S. 14:98 charge, he was sentenced to serve thirty days in parish prison, sentence suspended, and was placed on inactive probation for one year with special conditions including payment of $125.00 *333 fine and court costs. On the R.S. 14:99 charge he was sentenced to pay a $75.00 fine.
The record reflects that at approximately 4:30 a.m. on September 7, 1985, Emergency Medical Service personnel were called to Melvin’s Castle in St. Bernard Parish to investigate an unconscious man. Upon arriving at the scene, the technicians observed the defendant, Henry Bianchini, lying unconscious in a doorway. After he was revived, Bianchini identified himself with an alias and told the technicians that he was going to drive himself back to his home in Metairie. The technicians testified that although Bianchini showed no signs of trauma, his speech was slurred, he was staggering, and the odor of alcohol permeated his breath. The technicians attempted to stop Bianchini, but he entered his car and drove away from the scene. The technicians then notified the police.
Officer Carrol Arcement testified that he was just a few blocks from the restaurant when he received the call from the technicians. He observed Bianchini’s car travel-ling about five to ten miles per hour and weaving from side to side. He stopped Bianchini, with whom he was acquainted, and noticed a strong odor of alcohol about him. Officer David Morel, who was also on the scene, administered field sobriety tests to Bianchini. Officer Morel testified that Bianchini could not touch his nose with one hand, although he was able to complete this task with the other. Bianchini was also unable to complete a recitation of the alphabet past the letter “0”. He could not walk a straight line when asked to do so and told the officers to take him to jail upon his failure to complete the test.
The officers concluded that Bianchini was drunk, and placed him under arrest for DWI and reckless operation of a vehicle. When he was advised of his Miranda rights, he stated that he did not want to listen to the rights and that he did not understand them. After the rights were read again, Bianchini signed the acknowledgment of rights form. He was also advised of his rights relating to a chemical breath test. He signed the acknowledgement form but refused to allow the test to be made.
On appeal the defendant asserts four assignments of error. Because we find reversible error in assignments number one and four, we need not address the other assignments.
By his first assignment of error, the defendant contends that the trial court erred by refusing to allow a jury to hear his case. ■ By his fourth assignment of error, the defendant asks this court to review the record for errors patent. Upon reviewing the record we have discovered one such error. The record reflects that Bianchini was charged by two separate bills of information with two misdemeanors, the aggregate sentence for which could exceed six months imprisonment. As such, Bianchini was entitled to a jury trial. See State v. Laurendine, 439 So.2d 398 (La.1983); State v. Williams, 404 So.2d 964 (La.1981), State v. Legnon, 464 So.2d 910 (La.App. 4th Cir.1985). In both Laurendine and Williams, the court reversed the defendant’s conviction because there was no indication in the record that the defendant had been advised of and waived his right to trial by jury.
Here, the record reveals that the trial court advised the defendant that he was entitled to a jury trial, and he indicated that he wanted one. Trial was set for July 22nd. However, on the day of the trial, the court apparently indicated that the defendant was not entitled to a jury trial due to a ruling of the Louisiana Supreme Court, and the defendant was forced to proceed to trial before the judge alone. Both the state and the defendant argue in brief that the trial court relied on State v. Henderson, 491 So.2d 647 (La.1986) which held that the defendant was not entitled to a jury trial for a charge of D.W.I.; first offense. Henderson, however, does not address a situation such as the one in this case, where the defendant is charged in two separate bills of information with two misdemeanors which are tried together.
Under State v. Laurendine, supra, State v. Williams, supra, and State v. Legnon, *334 supra, the defendant was entitled to a jury trial.
Accordingly, the defendant’s conviction and sentence are herein reversed and set aside, and this matter is remanded to the trial court.
Reversed and Remanded.