607 So.2d 1000 (1992)
STATE of Louisiana
v.
Jimmie MORRIS.
No. Cr92-269.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
Charles Riddle, III, Marksville, for defendant-appellant.
Morgan J. Goudeau, III, Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and LABORDE, J. and PATIN[*], J. Pro Tem.
JOHN A. PATIN, Judge Pro Tem.
Jimmie Morris was charged by bill of information with third offense of operating a motor vehicle while under the influence of alcoholic beverages. La.R.S. 14:98. A motion to quash was denied by the trial court. Later a motion to waive jury trial was filed. Following a bench trial the court rendered a verdict of guilty. He was sentenced to imprisonment for one year of which six months was suspended and he was placed on probation with active supervision for one year with special conditions that he participate in a court approved substance abuse program and driver improvement program. In addition he was fined five hundred dollars and ordered to pay twenty dollars per month as a supervision fee to the Department of Probation and Parole.
The defendant has appealed listing three assignments of error. On examining the record we find an error patent relative to the defendant's waiver of the right to a jury trial.
*1001 Our Louisiana Constitution of 1974, Art. I, section 17 entitles an accused to a trial by jury which he may relinquish except in capital cases. La.C.Cr.P. art. 780 repeats this right and provides that a defendant "may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment the defendant in such cases shall be informed by the court of his right to waive trial by jury." While one who is entitled to a jury trial may waive that right, such waiver shall not be presumed but must be established by a contemporaneous record setting forth the articulated appraisal of that right followed by a knowing and intelligent waiver by the accused. State v. Smith, 447 So.2d 4 (La.App. 3 Cir. 1984) The denial of this fundamental right constitutes an error patent. State v. Salata, 479 So.2d 660 (La.App. 3 Cir.1985).
Court minutes reflect that the defendant waived formal arraignment and pled not guilty to the charge on November 9, 1990, and jury selection was set for May 6, 1991. On April 8, 1991, a written motion to waive jury trial, signed by defendant's counsel but not by the defendant, was filed. While the minute entry indicates this was done in open court, the defendant and his counsel were not present.
Although the Supreme Court has permitted a waiver to be made by defense counsel, in such instances the defendant was present in court with his attorney when the waiver was made, and his failure to object at that time was construed to be a waiver by him. State v. Phillips, 365 So.2d 1304 (La.1978); State v. Kahey, 436 So.2d 475 (La.1983). Here the record does not show that the defendant was in court when the waiver was filed. He had no opportunity to object to the action of his attorney, therefore the motion filed by the attorney cannot be considered as a knowing and intelligent waiver by the defendant.
In State v. McCarroll, 337 So.2d 475 (La.1976) quoted with approval by State v. Williams, 404 So.2d 954 (La.1981) the court stated:
Although the right to a jury trial may be waived in a non-capital case, Art. I Section 17 requires that the waiver be "knowingly and intelligently" made. Therefore we must indulge every reasonable presumption against waiver of this fundamental right.
If nothing in the record shows the defendant knowingly and intelligently waived his right to trial by jury, the presumption against waiver is not rebutted. In the instant case there is no indication that the defendant was informed by the court or his counsel of his right to trial by jury and that he knowingly and intelligently waived that right. This failure is reversible error. We will therefore order that the defendant's conviction be reversed, his sentence vacated and set aside and the case remanded to the trial court for further proceedings according to law.
In view of our holding as to the error patent the assignments of error need not be addressed.
REVERSED and REMANDED.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.