JjDOUCET, Chief Judge.
Defendant, Deidre Antoinette Pierre, was originally indicted on June 18, 1998, with one count of first degree murder in violation of La.R.S. 14:80 and one count of attempted first degree murder in violation of La.R.S. 14:27 and 14:30. On December 10, 1999, the indictment was amended to reduce the charges to one count of second degree murder in violation of La.R.S. 14:30.1 and one count attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1. Defendant pled not guilty and not guilty by reason of insanity. A bench trial commenced on September 10, 2001, and on September 11, 2001, Defendant was found guilty as charged on both counts. Defendant’s motion for a new trial, filed December 6, 2001, was denied. Defendant waived the twenty-four-hour delay, and the trial court sentenced Defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on the conviction for second degree murder and to ten years at hard labor without the benefit of parole, probation, or suspension of sentence on the con- *620 vietion for attempted second degree murder, to be served consecutive to the life sentence. At the sentencing hearing, Defendant raised the issue of whether the sentences should be served concurrently or consecutively; however, Defendant did not file a written motion to reconsider the sentence.

FACTS:

In the early evening of February 13, 1998, Defendant and her three-year-old son, Avante Pierre, entered her cousin’s townhouse where Defendant’s estranged husband, Anthony Pierre, and Defendant’s mother, Lois Thomas, were helping the cousin move furniture. After a short conversation with her husband, Defendant produced a gun and shot him once in the head. She also shot their son in the head [¿before she turned the gun on herself. Defendant and her husband survived the gunshot injuries. The son, however, died shortly thereafter in the emergency room of the hospital.
Because we find merit in Defendant’s assignment of error number three, we pre-termit the discussion of the other errors raised and of an error patent review.

ASSIGNMENT OF ERROR NO. 3:

For her third assignment of error, Defendant argues there is nothing in the record to indicate she knowingly and intelligently waived her constitutional right to be tried by a jury.
La.Code Crim.P. art. 780 provides the following (emphasis ours):
A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge....
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.
C.The defendant may withdraw a waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary delay, unnecessary inconvenience to witnesses, or prejudice to the state.
In State v. Morris, 607 So.2d 1000, 1001 (La.App. 3 Cir.1992), writ granted and judgment set aside in part on other grounds and remanded, 615 So.2d 327 (La.1993), on remand, 619 So.2d 184 (La.App. 3 Cir.1993), this court held that:
While one who is entitled to a jury trial may -waive that right, such waiver shall not be presumed but must be established by a contemporaneous record setting forth the articulated apprisal of that right followed by a knowing and intelligent waiver by the accused. State v. Smith, 447 So.2d 4 (La.App. 3 Cir.1984). The denial of this fundamental right constitutes an error patent. State v. Salata, 479 So.2d 660 (La.App. 3 Cir.1985).
|sWe note that while the trial court’s minute entry for the first day of the trial indicates Defendant was present in court when defense counsel informed the court the Defendant waived her right to a trial by jury, the transcript of the trial indicates she was not present. Furthermore, the record contains no affirmation by the Defendant that she waived her right to a jury trial. This court requested a copy of the transcript of the arraignment conducted on January 11, 2000, however, the court was informed that there was no transcript as there was no court reporter present at that time. The record is devoid of any colloquy regarding a waiver of a jury trial by the Defendant until the second day of trial, after the State had presented most of *621 its witnesses, when the following exchange occurred (emphasis ours):
THE COURT: Do you want to put the jury waiver on the record?
Mr. BABIN: Yes, if we could, Judge. I just want to clarify for the record, I was not present in court at 9:30 — I was in another courtroom — when the wavier of a jury trial was made by Mr. Thibo-deaux. I would just ask that be clarified, for the record, that he was authorized to do that by his client, so we can be on the record on that.
MR. THIBODEAUX: Your Honor, Ms. Pierre and I spoke about the possibility of a jury trial, as well as a judge trial; that in the course of our discussions, we determined, mainly through me, because she was relying on my expertise in this matter, whether to waive the jury trial, and that was our determination at the time. She wasn’t present in the courtroom. She was in the jury room. At the time, I did put on the record that we were waiving her jury trial. She is present now. And if the Court would entertain a question to her whether she agrees to that.
THE COURT: For the record, just for the record purpose, are you waiving your right to a trial by jury?
MR. THIBODEAUX: She wants to speak with me for a second.
(DISCUSSION OFF THE RECORD BETWEEN COUNSEL AND DEFENDANT)
MR. THIBODEAUX: Your Honor, I’ve spoken with Ms. Pierre. She had some questions about whether it was in her best interest to waive the jury. She and I had spoken before yesterday. We had spoken about it |4last week and in prior times that I met with her. She is, at this time, uncertain as to whether that ivas in her best interest or not.
THE COURT: Well, we’re going to bring the jury in and start a jury trial. Okay. We have a jury trial starting at 1:30.
MR. BABIN: Judge, may we approach?
THE COURT: Yes.
(BENCH CONFERENCE)
MR. BABIN: The issue is not what would be in the best interest now. The issue is now: Did she discuss with Mr. Thibodeaux and determine and authorize him to waive the jury trial? Which he said she did. It’s as simple as that. That’s the issue. That’s the question, whether or not that was done. That’s the only issue.
THE COURT: We can conduct a hearing on that issue.
MR. BABIN: Well, I mean, we’ve heard Mr. Thibodeaux state that for the record.
MR. THIBODEAUX: That’s correct, Your Honor. What I’ve told the Court is correct.
MR. BABIN: Frankly, that’s the clarification I was looking for, not now to have her withdraw.
THE COURT: You can proceed.
Nothing more was stated on the record regarding the issue; and even though the Defendant was present, the trial judge did not ask her if she wished to waive her right to a trial by jury.
The record is clear that Defendant was not present in the courtroom when defense counsel initially informed the court of her election to be tried before the bench. Neither was defense counsel’s statement of Defendant’s waiver put into the record at the time it was made, nor does the record indicate Defendant herself affirmatively indicated her consent for her counsel to waive her right to a jury trial.
*622 |KIn the present ease, while Defendant sat through a' day of trial without objection, she never had the opportunity to object when the waiver was initially made. On the second day, when the issue was raised, she expressed reservation, stating to her counsel that she was uncertain as to whether a waiver of a jury trial was in her best interest.
In Monis this court found that the accused did not knowingly and intelligently waive his right to a jury trial. A written motion to waive jury trial was filed, signed only by the defense counsel. The case was subsequently tried by the bench. This court stated:
While the minute entry indicates this was done in open court, the defendant and his counsel were not present.
Although the Supreme Court has permitted a waiver to be made by defense counsel, in such instances the defendant was present in court with his attorney when the waiver was made, and his failure to object at the time was construed to be a waiver by him. State v. Phillips, 365 So.2d 1304 (La.1978); State v. Kahey, 436 So.2d 475 (La.1983). Here the record does not show that the defendant was in court when the waiver was filed. He had no opportunity to object to the action of his attorney, therefore, the motion filed by the attorney cannot be considered as a knowing and intelligent waiver by the defendant.
In State v. McCarroll, 337 So.2d 475 (La.1976) quoted with approval by State v. Williams, 404 So.2d 954 (La.1981) the court stated:
Although the right to a jury trial may be waived in a non-capital case, Art. I Section 17 requires that the waiver be “knowingly and intelligently” made. Therefore we must indulge every reasonable presumption against waiver of this fundamental right.
If nothing in the record shows the defendant knowingly and intelligently waived his right to trial by jury, the presumption against waiver is not rebutted. In the instant case there is no indication that the defendant was informed by the court or his counsel of his right to trial by jury and that he knowingly and intelligently waived that right.
Morris, 607 So.2d at 1001.
| fiIn the present case, Defendant was not given an opportunity to object when the waiver was addressed in her presence on the second day. After the Defendant expressed uncertainty and hesitation to her attorney, a bench conference was conducted with defense counsel and the prosecutor. The issue was decided out of Defendant’s hearing. Counsel for the State was correct when, during the bench conference, he said the issue was whether she discussed the right of waiver with her counsel and authorized him to waive the jury trial; however, that question was never answered following the conversation referred to above. Rather, it appears that the State, the court, and defense counsel relied upon a prior conversation between Defendant and counsel.
Other than the above brief discussion which took place on the second day of her trial, there is nothing in the record which indicates that Defendant had a knowing and meaningful discussion with counsel concerning her right to a trial by jury, that she knowingly and intelligently waived that right, or, in light of Defendant’s alleged statement to her attorney that she was not sure what was in her best interest, that counsel was authorized to waive that right on her behalf. It would have been a simple matter for the trial judge to directly ask the Defendant if she wished to waive her right to a trial by jury; however, this was not done.
*623 In State v. Quest, 00-205, p. 17 (La.App. 5 Cir. 10/18/00); 772 So.2d 772, 784, unit denied, 00-3137 (La.11/2/01); 800 So.2d 866 (emphasis ours), our brethren of the fifth circuit observed:
A defendant may waive his right to a jury trial and elect to be tried by the judge. La.C.Cr.P. art. 780. Generally, the waiver is to be entered at arraignment. However, the' trial judge may accept a waiver of a jury trial at any time prior to the commencement of trial. C.Cr.P. art. 780(B). A waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. State v. Kahey, 436 So.2d 475, 486 (La.1983). The waiver must be express and is never presumed. Kahey, 436 So.2d at 486; State v. Herrera, 98-677 (La.App. 5th Cir.2/10/99), 729 So.2d 75, 80. The record must show a knowing and intelligent waiver. State v. Williams, 99-223 (La.App. 5th Cir.6/30/99), 742 So.2d 604, 606. While it is preferred for the trial judge to advise the defendant personally on the record of his right to a jury trial and have the defendant waive the right personally on the record, the Louisiana Supreme Court has refused to mandate this method as an absolute rule. Kahey, 436 So.2d at 486.
In the case sub judice there is no indication that Defendant expressly waived her right to a jury trial at her arraignment, before her trial began, or even during the second day of her trial.
Considering the lack of evidence of any expressed, affirmative waiver by the Defendant of her right to a trial by jury, we find that the Defendant did not execute a knowing and intelligent waiver of her right to a trial by jury.

DECREE:

For the foregoing reasons, we reverse and set aside the Defendant’s conviction. This case is remanded to the trial court for a new trial in accordance with the views expressed herein.
REVERSED AND REMANDED.