841 So.2d 947 (2003)
STATE of Louisiana
v.
Karen TERRASE.
No. 02-KA-1009.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
*948 Bruce G. Whittaker, New Orleans, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. BoudreauxAppellate Counsel, Alan D. Alario, IICounsel of Record on Appeal, Assistant District Attorneys, Gretna, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
*949 JAMES L. CANNELLA, Judge.
The Defendant, Karen Terrase, appeals from her conviction of theft of over $500 and sentence as a habitual offender to five years imprisonment at hard labor. We conditionally affirm the conviction and finding as a second felony offender, vacate the enhanced sentence, and remand for evidentiary hearing, re-sentencing, amendment of commitments and notice.
On September 27, 2000 the Defendant was charged with a violation of La. R.S. 14:67 B. She pled not guilty. On the date of trial, January 24, 2002, defense counsel indicated that the Defendant waived a jury trial. Following the bench trial, the Defendant was found guilty as charged. In April of 2002, she filed a motion for new trial and the State filed a habitual offender bill of information alleging her to be a second felony offender. On April 11, 2002, the trial judge denied the Defendant's motion for new trial. The Defendant waived sentencing delays and she was sentenced to five years imprisonment at hard labor. The Defendant then admitted the allegations in the habitual offender bill of information, waiving a hearing on the matter. The trial judge then vacated the original sentence and imposed an enhanced sentence of five years imprisonment at hard labor. On the same day, the Defendant filed a motion for appeal and it was granted. Her motion for reconsideration of sentence was denied.
At trial, Judy Velasquez (Velasquez) testified that her family owns and runs Meineke Discount Mufflers (Meineke) in Harvey. She was working there on September 5, 2000 with the Defendant, an employee, and friend. Velasquez testified that the shop has no cash register, so money is kept in drawers behind the counter. Velasquez regularly begins each business day with fifty dollars in a cash drawer. Another drawer, termed the "drop box," holds the shop's bank deposits, and might contain up to five thousand dollars at any given time. The drop box is kept locked at all times and the key hangs on a rack behind the counter. Velasquez testified that anyone working with her has access to the key.
When the theft occurred, Velasquez was standing in the doorway between the garage area and the customer service area, talking on the telephone with a friend, Donna Davis (Davis). She saw the Defendant take money from the lock box and leave the premises. Velasquez told Davis that "Karen just ripped off the drawer and she's leaving in her car." Davis testified that, during the conversation, Velasquez said "Donna, Karen just took my money."
According to Velasquez's calculations, the Defendant stole one thousand dollars. Afterwards, Velasquez telephoned the Defendant and asked her to return the money. The Defendant made no effort to repay the money and Velasquez never heard from the Defendant again. Velasquez testified that she was required to replace the missing money herself.
Deputy Chad Gautreaux of the Jefferson Parish Sheriff's Office testified that, on September 7, 2000, he received the report of a theft at Meineke that had occurred on September 5, 2000. The deputy stated that Velasquez told him that she saw the Defendant close the money drawer and leave the shop in a hurry. Velasquez told him that one thousand dollars was stolen. The deputy did not recall Velasquez telling him that she actually saw the Defendant take the money from the drawer.
The Defendant denied stealing the money. She testified that she was working at Meineke on September 5, 2000 and that her job was to perform personal and business errands for Velasquez. She claimed that she did not leave the shop *950 that day until closing time. The Defendant further testified that she did not have access to the drop box key and that Velasquez kept the key. The Defendant claimed that Velasquez' accusation stemmed from a dispute over the Defendant's former boyfriend.
On appeal, the Defendant contends that the trial judge erred in allowing her to proceed to a bench trial without first obtaining from her a waiver of her right to trial by jury and that her sentence is excessive. She also requests a patent error review.
La.C.Cr.P. art. 782 and La. Const. art. I, § 17 provides that a defendant is entitled to a trial by jury of six persons when the sentence is with or without hard labor. The sentence for theft of over $500 is with or without hard labor. La.R.S. 14:67 B (1). Although the right to a jury trial may be waived in non-capital cases, it must be "knowingly and intelligently" waived. La.C.Cr.P. art. 780 A. Waiver of this right is never presumed. State v. McCarroll, 337 So.2d 475, 480 (La.1976).
Prior to the commencement of trial, the following exchange took place:
Mr. Credo [prosecutor]:
Your Honor, State would then ask that Counsel could waive jury in this matter? Is that correct?
Mr. Fleming [defense counsel]:
Yes, we would in fact elect a bench trial in this matter, Judge.
The record contains no further discussion of Defendant's jury rights.
The State argues that defense counsel's statement constitutes sufficient evidence that the Defendant knowingly and intelligently waived her right to trial by jury. We disagree. In State v. Pierre, 98-1123, p. 8 (La.App. 5th Cir.4/14/99), 733 So.2d 674, 679, we held that the defense attorney's statement that, "we're going to waive the jury, Your Honor" did not, on its own, constitute a valid waiver of the defendant's right to a trial by jury. The facts here are comparable to those in Pierre.
Where no valid jury waiver is found in the record, Louisiana appellate courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954 (La.1981); State v. Miller, 517 So.2d 1113 (La.App. 5th Cir.1987), writ denied, 523 So.2d 1335 (La. 1988). However, the Louisiana Supreme Court, in State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963, 964, set out a procedure by which the case is initially remanded to the trial court for an evidentiary hearing on the question of whether the defendant validly waived the right to a jury trial. The Nanlal Court held that, if the evidence shows the defendant did not make a valid waiver, the trial court must set aside the conviction and sentence and grant the defendant a new trial. The Supreme Court reserved the defendant's right to appeal any adverse ruling of the waiver issue. Id. This Court has followed the procedure set out in Nanlal. See: State v. Hampton, 00-1002, p. 12 (La.App. 5th Cir.1/24/01), 782 So.2d 1045, 1054; State v. Vortisch, 00-67, p. 9 (La. App. 5th Cir.5/30/00), 763 So.2d 765, 770; Pierre, 98-1123 at p. 8, 733 So.2d at 679.
Based on the foregoing, we will remand for an evidentiary hearing on the question of whether the Defendant in this case validly waived her right to a jury trial. If she did not, the trial judge must set aside the conviction and sentence. If she did, then the trial judge should rule that she did and this Court affirms the conviction and enhanced sentence. In this last instance, we reserve the Defendant's right to appeal the adverse ruling of the waiver issued.
*951 Next, the Defendant asserts that the trial judge imposed an excessive sentence. She argues that the sentence was not proportionate to the crime. In the motion to reconsider sentence under La. C.Cr.P. art. 881.1, the Defendant only stated that she is "a single mother, and a sentence of incarnation [sic] places an undue hardship on defendant, her child, and her family."
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Munoz, 575 So.2d 848, 851 (La.App. 5th Cir.1991), writ denied, 577 So.2d 1009 (La.1991).
The Defendant's sentence of five years imprisonment at hard labor as a second felony offender was the minimum allowed under La.R.S. 14:67 B(1) and La. R.S. 15:529.1 A(1)(a). It is presumed that a mandatory minimum sentence under the Habitual Offender Law is constitutional. State v. Williams, 01-1007, p. 11 (La.App. 5th Cir.2/26/02), 811 So.2d 1026, 1032. However, if the trial judge finds that an enhanced punishment mandated by La. R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," the trial judge has the option and duty to reduce such sentence to one that would not be constitutionally excessive. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993).
A trial judge may only depart from the mandatory sentence if he finds clear and convincing evidence that would rebut the presumption of constitutionality. Williams, 01-1007 at p. 11, 811 So.2d at 1032; State v. Johnson, 97-1906, p. 8 (La. App. 5th Cir.3/4/98), 709 So.2d 672, 676. However, the burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional because of unusual circumstances and that the sentence is not meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Johnson, 97-1906 at p. 8, 709 So.2d at 676, quoting State v. Young, 94-1636, pp. 5-6 (La.App. 4th Cir.10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223. The Louisiana Supreme Court has cautioned that downward departures from the mandatory minimum sentences should be made only in rare cases. State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343.
Here, the Defendant failed to show any unusual or special circumstances that might serve to rebut the presumption of constitutionality. After our review, we find that the sentence was not excessive.
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198. The review reveals several patent errors.
First, both the original and habitual offender commitments indicate that the Defendant was found guilty of "theft $300+," rather than theft valued at over five hundred dollars. The two offenses involve different sections of the statute and different penalties. Thus, we will order the commitments corrected.
Second, both the original and habitual offender commitments show that the Defendant's sentence is to be served at *952 hard labor.[1] However, the transcripts do not reflect that the trial judge ordered the sentence to be served at hard labor. Generally, where the transcript conflicts with the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Thus, we vacate the enhanced sentence and remand for re-sentencing as a second felony offender, since the method of sentence was not in the transcripts and hard labor is not mandatory for this offense. See: La.R.S. 14:67 B (1).
Third, although the commitments reflect otherwise, the sentencing transcripts indicate that the trial court did not advise the Defendant of the two-year prescriptive period for applying for postconviction relief pursuant to La.C.Cr.P. art. 930.8. Thus, we will remand the case with an order for the trial judge to send written notice, within 10 days of the rendering of this opinion, informing the Defendant that she has two years from the date the conviction and sentence become final to file her application for post-conviction relief, then to file written proof in the record that the Defendant received the notice.
Accordingly, we hereby conditionally affirm the Defendant's conviction and finding as a second felony offender. We vacate and set aside her enhanced sentence and order her to be re-sentenced. We remand for an evidentiary hearing on the question of whether the Defendant validly waived her right to a jury trial and for further proceedings, if necessary, pursuant to Nanlal. We further order the commitments to be corrected to show that the Defendant was convicted of theft of goods of over five hundred dollars. Also, we remand the case with an order to the trial judge to send to the Defendant written notice within 10 days from the rendering of this opinion informing the Defendant that she has two years from the date the conviction and sentence become final to file her application for post-conviction relief, then to file written proof in the record that the Defendant received the notice.
CONVICTION AND FINDING AS A SECOND FELONY OFFENDER CONDITIONALLY AFFIRMED. CASE REMANDED FOR EVIDENTIARY HEARING, RE-SENTENCING, CORRECTION OF COMMITMENTS AND NOTICE OF POST-CONVICTION PRESCRIPTIVE PERIOD.
NOTES
[1] We also note that the trial judge did not specifically find that the Defendant was a second felony offender. However, where the habitual offender bill alleges only one prior felony, the trial judge's finding that the Defendant is a habitual offender can only relate to a second offense. See, State v. Esteen, 01-879 at p. 28, 821 So.2d at 78, fn. 22.