948 So.2d 309 (2006)
STATE of Louisiana
v.
Ronnie P. WHITE.
No. 06-KA-665.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2006.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Martin A. Belanger, Jr., Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges Thomas F. Daley, Susan M. Chehardy, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
Defendant, Ronnie P. White, appeals his conviction of one count of simple burglary, a violation of LSA-R.S. 14:62. He was found guilty as charged in a bench trial. He argues that the evidence was insufficient to support his conviction.
Initially, we note, as part of this Court's error patent review, that the record does not show that White executed a valid waiver of his right to a trial by jury.[1] The only evidence of a jury waiver appears in a minute entry. The parties to this appeal were notified of this deficiency in the record and were given the opportunity to brief the issue prior to oral argument, and to supplement the record with evidence of the jury waiver, if such existed. The State and defendant both conceded, in brief, that the transcript is silent as to the jury waiver, there are no untranscribed portions of trial, and that no supplementation of the record is possible.
In accordance with the procedure set forth in State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963, we hereby remand the matter to the district court for an evidentiary hearing to determine whether the defendant executed a valid waiver of his right to trial by jury. If the evidence shows that relator did not make a valid waiver of his right to a jury trial, the district court must set aside his conviction and sentence and grant him a new trial. Relator may appeal from any adverse ruling on the waiver issue, in addition to appealing the merits.
*310 REMANDED FOR EVIDENTIARY HEARING.
NOTES
[1] The defendant requested an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether defendant makes such a request.