WICKER, J.,
concurring in part and dissenting in part.
The majority conditionally affirms the convictions;[1] conditionally affirms the sentence on Count 2; vacates the sentence on Count 1;[2] remands for resentencing on Count 1; and, remands for two evidentiary hearings. For the reasons discussed below, I respectfully dissent in part from the majority opinion because I find that this appeal to be not ripe for consideration until the validity of the jury trial waiver and the defendant’s claims of ineffective assistance of counsel are resolved at the trial court. Hence, at this juncture I would not render any conditional rulings in this matter nor would I rule on the merits of the appeal.
The jurisprudence has recognized two approaches when a remand for an eviden-tiary hearing on the validity of the jury trial waiver is required. One approach— the approach adopted here — conditionally affirms the conviction and sentence while also remanding the matter for the hearing — the “Conditional Affirmance” approach. The other approach simply remands the matter with instructions- — the “Remand” approach. In my view, the latter approach should be adopted here.
In State v. Nanlal, 96-756 (La.App. 5 Cir. 2/25/97), 690 So.2d 1130 (nonpubl-ished), this Court reversed the defendant’s conviction and sentence and remanded for a new trial because the record failed to show a valid jury trial waiver. The Louisiana Supreme Court vacated that judgment and remanded the case to the district court for an evidentiary hearing on the question of whether the relator validly waived his right to a jury trial. It did not conditionally affirm the conviction and sentence. State v. Nanlal, 97-786 (La.9/26/97), 701 So.2d 963.
This Court has at times adopted the “Conditional Affirmance” approach. See, e.g. State v. Terrase, 02-1009 (La.App. 5 Cir. 2/25/03), 841 So.2d 947. However, it has also adopted the “Remand” approach. See: State v. Vortisch, 00-67 (La.App. 5 Cir. 5/30/00), 763 So.2d 765; State v. Armant, 02-907 (La.App. 5 Cir. 1/28/03), 839 So.2d 271; State v. White, 06-665(La.App. 5 Cir. 12/27/06), 948 So.2d 309.[3]
*1109 I believe that the majority’s “Conditional Affirmance” approach does not promote judicial efficiency. Rather, the procedure in this case is cumbersome and confusing for a trial court to implement.
Accordingly, I would not use the “Conditional Affirmance” approach nor would I address the merits at this time. Instead, I would remand the matter to the District Court with these instructions:
First, order the trial court to conduct an evidentiary hearing within thirty days and render a ruling on the issue of whether the defendant knowingly and intelligently waived his right to trial by jury on Counts 1 and 2. If the evidence shows that the defendant did not make a valid waiver of his right -to a jury trial, instruct the district court to set aside his convictions and sentences and grant him a new trial.
Second, if the trial judge determines that the jury trial waiver is valid, instruct the trial court to conduct an evidentiary hearing within thirty days of the decision on the jury trial waiver and render a ruling on the ineffectiveness of counsel claims raised herein. If the evidence shows that counsel was ineffective, instruct the district court to set aside his convictions and sentences and grant him a new trial.
Third, in the event that the trial judge finds the jury waiver valid and that counsel was not ineffective, reserve the defendant’s right to appeal from these adverse rulings within thirty days of the ruling on the ineffectiveness claims. The appellate record, supplemented with transcripts of the hearings, shall be re-lodged within fifteen days of the ruling on the ineffectiveness claims. The State and the defendant shall be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearings. Thereafter, this Court will address the defendant’s appeal of his convictions and sentences; the adverse rulings, and all issues pertinent thereto.
Finally, I respectfully concur with the majority’s denial of the defendant’s pro se motion to file a supplemental brief. I would deny the motion as premature and reserve the defendant’s right to file a supplemental brief following the remand.

. The defendant was convicted of two counts. The majority's disposition refers to a singular conviction as follows: "CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; REMANDED FOR EVIDENTIARY HEARINGS.” The majority opinion's introductory paragraph only refers to one conviction. In concluding its discussion of the jury trial waiver, the majority again refers to one conviction. In addition, the majority concludes with "conditionally affirming] Howard's convictions and sentence on Count 2." A fair reading of the majority opinion, however, indicates the majority's intent to conditionally affirm the convictions on Counts 1 and 2.

. Although the majority’s disposition does not state that the sentence on Count 1 is vacated and the matter remanded for resentencing on that count, a fair reading of the majority opinion reveals that the majority issued that decree. I note that in concluding its discussion of the jury trial waiver, the majority refers to an "enhanced sentence.” There are no habitual offender proceedings in this appeal.

. In Vortisch and Armant, while not conditionally affirming, the Court addressed the assigned error regarding sufficiency of the evidence. In contrast, the defendant in this case did not raise sufficiency as an error. The Armant Court explained:
We were required to consider the sufficiency of the evidence before discussing the jury trial waiver because a defendant who prevails on the issue of the sufficiency of *1109 the evidence may be entitled to retrial on a lesser-included offense if the State’s evidence was insufficient.
839 So.2d at 279, n. 3 (Citation omitted).
The Court held that "the appeal should be transferred back to this Court for review of that determination [the jury trial waiver] and any remaining assignments of error not covered in this opinion.” Id. at 281.