NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-150

STATE OF LOUISIANA

VERSUS

HAMILTON WILLIAM BYNOG

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C26068
HONORABLE EUGENE W. BRYSON, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
PHYLLIS M. KEATY
JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Candyce G. Perret, Judges.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Billy J. Harrington
District Attorney
Post Office Box 838
Natchitoches, Louisiana 71458-0838
Counsel for Appellee:
    State of Louisiana

Janice Montague-Myles
Attorney at Law
Post Office Box 626
Baton Rouge, Louisiana 70821-0626
Counsel for Appellant:
    Hamilton William Bynog

**Keaty, Judge.**

On August 22, 2017, Defendant, Hamilton William Bynog, was charged by bill of information with three counts of resisting an officer by violence, "IN VIOLATION OF R.S. 14:108.2, A FELONY." On March 15, 2018, Defendant was charged by an amended bill of information with three counts of resisting an officer by violence, "IN VIOLATION OF R.S. 14:108.2, A FELONY." On June 11, 2018, Defendant was charged by a second amended bill of information with three counts of resisting an officer, "in violation of L.R.S. 14:108 (a misdemeanor)," and one count of battery of a police officer, "in violation of L.R.S. 14:34.2(B)(1) (a misdemeanor)." On June 12, 2018, Defendant was convicted of two counts of resisting an officer and one count of battery of a police officer. On September 10, 2018, Defendant was sentenced on each count of resisting an officer to four months in the parish jail, all but thirty days suspended, to run concurrently. Upon release, Defendant is to be placed on supervised probation for a period of eighteen months with certain conditions. Defendant was also ordered to pay a fine in the amount of three hundred dollars plus court costs. Defendant was sentenced to thirty days in the parish jail for battery of a police officer to run concurrently with the sentences imposed for resisting an officer. On the same date, Defendant's counsel filed a "MOTION TO RECONSIDER SENTENCE" in open court. The motion was denied in open court and again on December 10, 2018.

On September 13, 2018, Defendant's counsel filed a "NOTICE OF INTENTION TO APPLY TO THE COURT OF APPEAL THIRD CIRCUIT, STATE OF LOUISIANA FOR WRIT OF REVIEW" and a "MOTION FOR APPEAL AND DESIGNATION OF RECORD" with the trial court. On September 14, 2018, the trial court granted Defendant's appeal with a return date of November 28, 2018.

On February 26, 2019, this court lodged the appeal record. On February 27, 2019, this court issued an order directing Defendant to show cause why the appeal should not be dismissed as non-appealable, as the offenses at issue are misdemeanors. *See* La.Code Crim.P. art. 912.1.

On April 23, 2019, Defendant's counsel filed a "BRIEF ON APPELLANT'S RIGHT TO APPEAL TRIAL COURT'S MISDEMEANOR CONVICTION" with this court, wherein Defendant's counsel stated:

> In this present case, Mr. Bynog's bill of information was amended the same day of trial, which disposed of the felony matter and converted it to a misdemeanor trial. Still, Mr. Bynog was charged with 4 counts of misdemeanor charges that had a maximum of 6 months. Therefore, Mr. Bynog's punishment had the potential to exceed six months to one year. Therefore, Mr. Bynog is entitled to a jury trial. At trial, Mr. Bynog did not object to a bench trial, nor did he request a jury trial. However, Mr. Bynog's lack of an objection is not necessary to constitute a waiver of his right to a jury trial. A waiver of this right must be made knowingly and intelligently and is never presumed form [sic] a silent record. **State v. Williams,** 404 So. 2d 954 (La. 1981). The aggregate maximum possible punishment for these charges was one year. Therefore, it exceeds six months imprisonment. The four charges were tried together in one trial with a judge only. The record is silent on whether Mr. Bynog waived his right to a trial by jury. So, it can be assumed that Mr. Bynog did not knowingly and intelligently waive his right to a jury trial. Therefore, Mr. Bynog is entitled to appeal the trial court's judgment in this matter.

Defendant's counsel alternatively asserts that Defendant's appeal was timely filed with this court. Defendant's counsel further asserts that this court may, therefore, convert Defendant's "appeal to a supervisory writ. However, if the court decides not to convert Mr. Bynog's appeal to a supervisory writ, the Court may also allow Mr. Bynog to file an application for supervisory writ and construe this appeal as a timely notice of intent to seek a supervisory writ."

Louisiana Code of Criminal Procedure Article 493.1 provides that "[w]henever two or more misdemeanors are joined in accordance with Article 493

2

in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than one thousand dollars, or both." In the instant matter, Defendant's misdemeanor offenses were charged in the same bill of information. Thus, the proper mode of trial was a bench trial. *See* La.Code Crim.P. art. 779(B).

The appellate jurisdiction of this court extends only to cases that are triable by a jury. La.Code Crim.P. art. 912.1. Accordingly, we hereby dismiss Defendant's appeal. However, Defendant is permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.