517 So.2d 1113 (1987)
STATE of Louisiana
v.
Gary R. MILLER.
No. 87-KA-301.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1987.
On Rehearing January 15, 1988.
Louise Korns, of counsel, Office of the District Attorney, Gretna, for plaintiff/appellee.
John H. Craft, Gretna, for defendant/appellant.
Before KLIEBERT, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Gary R. Miller, was charged by bill of information with the crime of obscenity in violation of LSA-R.S. 14:106. After a bench trial, defendant was found guilty as charged, and was subsequently sentenced to imprisonment in the Jefferson Parish Correctional Center for a term of six months and upon release to be placed on active probation for 18 months with certain conditions. Defendant has appealed his conviction and sentence asking only that this court review the record for errors patent.
A review of the record reflects two patent errors, the first of which is that the trial court, contrary to statutory sentencing authority, LSA-C.Cr.P. arts. 893 and 895B, ordered supervised probation and psychiatric treatment in addition to jail time, making defendant's sentence illegally excessive.
Secondly, we note the defendant was tried by the judge and there is no statement or indication regarding his waiver of his right to a jury trial prior to trial, which requires us to reverse this conviction and remand the matter for a new trial. LSA-Const. Art. 1, Sec. 17 (1974); State v. Williams, 404 So.2d 954 (La.1981).
For the foregoing reasons, the conviction and sentence is reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.

ON REHEARING
Our original opinion reversing defendant Miller's conviction and remanding the case *1114 for a new trial was handed down on November 9, 1987. On the application of the State, we granted a rehearing.
The original opinion reversed the conviction and sentence and remanded the case for a new trial for the error patent noted by this court ex proprio motu, that the defendant was tried by the judge and there was no statement or indication regarding the defendant's waiver of his right to a jury trial prior to trial. See LSA-Const. Art. 1, Sec. 17 (1974); LSA-C.Cr.P. arts. 780, 782. The State's application for a rehearing requested that it be allowed to supplement the record with transcripts of the arraignment or other court appearance that would reflect a notification to the defendant of his right to trial by jury and waiver. For that reason, we granted a rehearing.
On the rehearing, only the State submitted a brief and therein supplemented the record with the following transcript from the proceeding taken in open court shortly before the defendant's trial:
MR. HAFNER:
Randell Hafner from the I.D.B., representing Mr. Miller. Mr. Miller is present.
MR. DELAUP:
I understand Mr. Miller is present for trial. I understand he's prepared to waive the jury in this case. In light of the fact the State was involved in trial today, Your Honor, I don't know if I'm going to be able to get all of the witnesses that are involved. They are school children. I request this be continued until tomorrow morning. I expect the jury to be picked in this matter and also for the present case to go on a little longer than it did. I need the afternoon to try and locate these people, because they're going to probably be in school now. I'll be glad to try to make every effort to see if we can get the witnesses to come this afternoon. In light of the fact it's a judge trial, we're talking about a couple of hours, three hours maximum.
THE COURT:
Let's hold it open, if you can get the witnesses in.
MR. DELAUP:
I'll make every attempt to do that right now, I have my investigator with me.
(End of proceeding).
In brief on the rehearing the State contends on the basis of the above quoted supplementary transcript, that the district attorney was repeating defendant's choice to waive his right to a jury trial in open court, and that the silence of defendant and his attorney indicates that they wished to so waive the right. The State concludes, that a valid and sufficient waiver occurred "through the attorney as vocalized by the assistant district attorney", and therefore, that this Court should affirm the defendant's conviction and sentence.
Defendant was charged with LSA-R.S. 14:106 which reads in pertinent part: "On a first conviction, whoever commits the crime of obscenity shall be fined not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisoned, with or without hard labor, for not less than six months nor more than three years, or both." Since the total possible punishment exceeded six months imprisonment, defendant was entitled to trial by jury.
One who is entitled to trial by jury can waive that right.[1] However, jury trial waiver is not presumed. The record must affirmatively show that the waiver has been "knowingly and intelligently" made. LSA-Const. 1974, Art. 1, Sec. 17. Appellate courts are "mandated to indulge every reasonable presumption against waiver of this fundamental right." State v. Williams, 404 So.2d 954, 956 (La.1981).
The State submits that State v. Phillips, 365 So.2d 1304 (La.1978), U.S. cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979) would support its position of jury waiver. In State v. Phillips, the Supreme Court held that, although the defendant did not personally respond that he was waiving *1115 his right to a jury trial in a colloquy with the trial judge (the defendant's attorney responded), the specific waiver through defendant's counsel was valid and sufficient.
The instant case differs from State v. Phillips, supra, in that there is nothing in the instant record to show that counsel for defendant Miller made specific waiver of his client's right to a jury trial. Nor, as stated, does the record show that defendant, himself, specifically waived this right or that he was ever at any time advised of same either by the court or his attorney. On the basis of this record we cannot presume that defendant "knowingly and intelligently" made a waiver of his fundamental right to a jury trial. We do not think that the State by its reference in Miller's presence to its understanding that "he's prepared to waive the jury", even though met by silence from defendant and his counsel, indicates a valid and sufficient waiver necessary to rebut the presumption against waiver.
For the foregoing reasons, we reaffirm our original opinion reversing the defendant's conviction and remand the case to the trial court for further proceeding.
REVERSED AND REMANDED.
NOTES
[1] LSA-Const. 1974, Art. 1, Sect. 17:

"... Except in capital cases, a defendant may knowingly and intelligently waive his right to trial by jury."