840 So.2d 653 (2003)
STATE of Louisiana
v.
Paul C. LOKEY.
No. 02-KA-1087.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 2003.
Rehearing Denied March 31, 2003.
Holli Herrle-Castillo, Marrero, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Counsel of Record on Appeal, Alan D. Alario, II, Appellate Counsel, Assistant District Attorneys, Gretna, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
*654 JAMES L. CANNELLA, Judge.
The Defendant, Paul C. Lokey, appeals from the sentence after conviction of one count of driving while intoxicated (DWI), fourth offense. We conditionally affirm the conviction, vacate the sentence and remand for evidentiary hearing and resentencing, if appropriate.
The Defendant was charged on October 4, 2001 with one count of DWI, fourth offense, in violation of La.R.S. 14:98(E) which allegedly occurred on April 16, 2001. He pled not guilty and after a bench trial was found guilty. The Defendant was sentenced on April 1, 2002 to ten years imprisonment at hard labor.[1]
Officer Nicholas Cottone of the Westwego Police Department testified that in response to a call on April 16, 2001, at approximately 9:07 p.m., he was traveling eastbound on Fourth Street in Westwego. The Defendant's vehicle was traveling westbound on Fourth Street. The officer started to turn right when he reached the traffic signal at Avenue A. Before he could make the turn, the Defendant turned left in front of him onto Avenue A, almost striking the officer's marked police unit. The Defendant continued traveling on Avenue A and almost struck a utility pole.
Officer Cottone followed the Defendant for three-quarters of a mile, activated his overhead lights, and stopped him at Avenue A and Tenth Street. Officer Cottone testified that when the Defendant got out of the vehicle, he had difficulty standing, smelled heavily of alcohol, and his speech was extremely slurred. Although Officer Cottone is qualified to administer the state field sobriety test, he was not qualified to administer the intoxilyzer test. Following procedure, Officer Cottone requested a Louisiana State trooper to come to the scene.
Trooper Donald Hebert testified that he arrived at the scene and met with Officer Cottone. Trooper Hebert observed that the Defendant had urinated on himself. He detected a strong odor of alcoholic on the Defendant's breath and noticed that the Defendant's speech was very slurred. After agreeing to submit to a standardized field sobriety test, the Defendant failed the horizontal gaze nystagmus test, the walk and turn test, and the one-leg stand test. As a result, the Defendant was arrested, advised of his rights, handcuffed, placed in the back of Trooper Hebert's unit, and brought to the correctional center.
At the correctional center, the Defendant refused to sign the intoxilyzer rights form, take the intoxilyzer test, or answer questions related to possible medical conditions that would explain his conduct. Trooper Hebert testified that the intoxilyzer machine was working that day.
Roy Vinnett (Vinnett), the Defendant's next door neighbor, testified that he lived on Avenue A near Tenth Street on April 16, 2001. Although he knew the Defendant from the neighborhood, he did not know the Defendant personally. On the date of the arrest, Vinnett was standing outside his home, talking to a Westwego police officer, when he noticed the Defendant drive by his house. At the time, Vinnett was making a report about a problem *655 with a drug dealer who had teenagers selling crack cocaine on the corner near his home. According to Vinnett, after the Defendant passed, he stopped at the stop sign, went down three houses, turned around, and came back. Vinnett did not observe anyone following the Defendant, but saw the police officer approach the Defendant when the Defendant stopped.
Officer Cottone, dispatched to the area because of a report of gunshots being fired, did not recall Vinnett making a report but, when he arrived, numerous other police officers were already there. Officer Cottone followed the Defendant because of his driving maneuvers.
On appeal, the Defendant does not challenge his conviction, but only claims that his ten-year sentence is illegal based on the 2001 amendment to La.R.S. 14:98E(1)(a) and State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526. He is correct. The State also agrees that the sentence is illegal.
The statute was amended by Act 1163, of 2001, which was effective August 15, 2001. Prior to the amendment, the penalty for a fourth DWI offender was ten to thirty years imprisonment at hard labor, at least two years of which were without benefit of suspension of sentence, parole, or probation. See: Pre-amendment La.R.S. 14:98E(1) and (3)(a). A fourth DWI offender receiving suspension of sentence and probation on the remaining portion of his sentence was required to participate in court-approved driver-improvement and anti-substance-abuse programs.
The amendment in 2001 did not change the penalty ranges, but reduced the mandatory jail time for fourth DWI offenders to 60 days. Under the amended provisions, the trial court is required to suspend the remaining portions of the sentence and order the offender to undergo an evaluation to determine the nature and extent of his substance abuse disorder. R.S. 14:98E(1). This evaluation entails in-patient treatment at a facility approved by the Department of Corrections for not less than four weeks and not more than six weeks. Id. After the offender successfully completes the in-patient substance abuse treatment, he shall be sentenced to home incarceration for not less than one and not more than five years in accordance with R.S.14:98E(3), and shall be fined five thousand dollars. R.S. 14:98E(1)(d).
In Mayeux, the Louisiana Supreme Court determined that the amendment was to be applied to convictions obtained after the effective date. The Supreme Court's decision was based on the legislative intent of the statute in favoring treatment over incarceration, the words "upon conviction" in the statute, and the provision allowing home incarceration for those previously convicted. Mayeux, 01-3195 at p. 6, 820 So.2d at 530.
The Defendant committed the offense on April 16, 2001, the law was effective August 15, 2001 and he was convicted on January 23, 2002. Because of this error, we will vacate the sentence and remand for resentencing in accordance with amended La.R.S. 14:98 and Mayeux.

PATENT ERROR
The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198. The review reveals several patent errors.
First, the record fails to reflect that the Defendant waived his right to a jury trial. La.C.Cr.P. art. 782 and La. Const. art. I, § 17 provide that a defendant is entitled to a trial by jury of six persons when the sentence is with or without hard labor. The sentence for one *656 count of DWI, fourth offense is with or without hard labor. La.R.S. 14:98(E). Although the right to a jury trial may be waived in non-capital cases, it must be "knowingly and intelligently" waived. La. C.Cr.P. art. 780A. Waiver of this right is never presumed. State v. McCarroll, 337 So.2d 475, 480 (La.1976).
Where no valid jury waiver is found in the record, Louisiana appellate courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954 (La.1981); State v. Miller, 517 So.2d 1113 (La.App. 5th Cir.1987), writ denied, 523 So.2d 1335 (La.1988). However, the Louisiana Supreme Court, in State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963-964, set out a procedure by which the case is initially remanded to the trial court for an evidentiary hearing on the question of whether the defendant validly waived the right to a jury trial. The Nanlal Court held that, if the evidence shows that the defendant did not make a valid waiver, the trial court must set aside the conviction and sentence and grant the defendant a new trial. The Supreme Court reserved the defendant's right to appeal any adverse ruling of the waiver issue. Id. This Court has followed the procedure set out in Nanlal. See: State v. Hampton, 00-1002, p. 12 (La.App. 5th Cir.1/23/01), 782 So.2d 1045, 1054; State v. Vortisch, 00-67, p. 9 (La.App. 5th Cir.5/30/00), 763 So.2d 765, 770; State v. Pierre, 98-1123, p. 8 (La.App. 5th Cir.4/14/99), 733 So.2d 674, 679.
Based on the foregoing, we will remand for an evidentiary hearing on whether the Defendant validly waived his right to a jury trial. If he did not, the trial judge must set aside the conviction and sentence. If he did, then the trial judge should rule that he did and this Court affirms the conviction and enhanced sentence. In this last instance, we reserve the Defendant's right to appeal the adverse ruling of the waiver issued.
Accordingly, we hereby conditionally affirm the Defendant's conviction and we remand for an evidentiary hearing on the question of whether the Defendant in this case validly waived her right to a jury trial and for further proceedings, if necessary, pursuant to Nanlal. The trial judge is ordered to resentence the Defendant in the event that a new trial is not necessary, in accordance with La.R.S. 14:98, as amended on August 15, 2001, and State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526[2]
CONVICTION CONDITIONALLY AFFIRMED; SENTENCE VACATED AND EVIDENTIARY HEARING ORDERED, REMANDED FOR RESENTENCING, IF APPROPRIATE.
NOTES
[1] The Defendant filed various pro se motions following his conviction and sentence, which were denied. His motion for appeal was granted on July 1, 2002 and counsel from the Louisiana Appellate Project was appointed to represent him. Defense counsel made an oral motion to correct illegal sentence. The motion was denied and on July 19, 2002 the Defendant filed an application for post-conviction relief seeking reinstatement of his right to appeal. The motion was granted on August 12, 2002. On August 16, 2002, the Defendant filed a pro se motion to correct illegal sentence that was again denied on August 29, 2002 for the reason that the appeal was pending.
[2] When the trial judge sentenced the Defendant, he failed to advise him of the two year prescriptive period for post-conviction relief under La.C.Cr.P. art. 930.8, which he can remedy in the resentencing.