908 So.2d 56 (2005)
STATE of Louisiana
v.
Lewis GOODWIN.
No. 05-KA-51.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2005.
*57 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Kenneth Bordelon, Assistant District Attorneys, Twenty-Fourth Judicial District Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Pamela S. Moran, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
The defendant has appealed the sentence imposed as a result of his conviction of distribution of cocaine and guilty plea to being a second felony offender. For the following reasons, we conditionally affirm the defendant's conviction and sentence and remand this matter for an evidentiary hearing as to the defendant's waiver of his right to jury trial.

FACTS:
Agent Veronica Gordon testified that she was working undercover for the Jefferson Parish Sheriff's Office on April 28, 2003 when she proceeded to the Wilson Motel on Jefferson Hwy. in an undercover vehicle equipped with audio surveillance equipment. She met a white male, later identified as defendant, in the parking lot and discussed the purchase of "one-fourth" or $200.00 worth of crack cocaine. Agent Gordon explained that defendant motioned for her to come to his room where they further discussed the purchase. She testified that defendant left the room to call his *58 supplier. Defendant returned and advised Agent Gordon that his supplier could not deliver the cocaine. Agent Gordon testified that she offered to give defendant the money so he could go get the cocaine and bring it back to her. Agent Gordon testified that defendant agreed to this arrangement. Agent Gordon testified that after being given the money, defendant left the motel in a van while she waited in her vehicle in the parking lot. When defendant returned a short time later he motioned for Agent Gordon to follow him. Agent Gordon testified that defendant placed the cocaine on a step in the stairwell of the motel, which she picked up as she followed him. Agent Gordon stated that defendant asked her to come into his room and "break him off" some cocaine. Agent Gordon explained she could not do that and left. She later turned the cocaine over to her supervisor. The matter was tested and was confirmed to be cocaine.
At trial, defendant testified that he bought the cocaine for his personal use. He stated Agent Gordon was accompanied by a male with whom he had done cocaine with in the past. Defendant testified that he believed Agent Gordon wanted the cocaine so they could all party and do the cocaine together. Defendant denied having any intention of distributing or selling the cocaine he had purchased from his supplier.
At the conclusion of trial, the trial judge found defendant guilty of distribution of cocaine. Defendant then pled guilty to being a second felony offender and was sentenced to fifteen years imprisonment.

LAW AND DISCUSSION:
In his sole explicit Assignment of Error, defendant argues his enhanced 15-year sentence as a second felony offender is excessive. He contends the trial court failed to articulate reasons for his original sentence and his enhanced sentence as required by La.C.Cr.P. art. 894.1. He asserts there is nothing in the record indicating his educational level, family history, or work background, all of which the trial court should have considered in imposing sentence. Defendant asserts no one was harmed in his crime and that there was no showing he could not be rehabilitated. Defendant admits he was advised at the time of his guilty plea to the multiple bill that his sentence would be 15 years, but nonetheless maintains his sentence is excessive.
Any issue defendant has in regards to his original sentence is moot since his original sentence was vacated when he was resentenced as a multiple offender. Compliance with La.C.Cr.P. art. 894.1 is not required when the trial court imposes sentence under the Habitual Offender Law. State v. Johnson, 01-0842 (La.App. 5 Cir. 2/13/02), 812 So.2d 106, 118, writ denied, 02-1037 (La.3/21/03), 840 So.2d 532.
The record indicates that defendant stipulated to his status as a multiple offender after being advised he would be sentenced to 15 years if the trial court accepted his plea. Under La.C.Cr.P. art. 881.2(A)(2), a defendant "cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed prior to pleading guilty. State v. Stewart, 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271.
The record reflects that defendant agreed to stipulate to his status as a second felony offender in exchange for the 15-year sentence he received. The Waiver of Rights form executed by defendant indicates that he was advised and understood *59 he would receive a 15-year sentence in exchange for admitting his status as a second felony offender. During the plea colloquy, the trial judge reviewed the allegations to which defendant was stipulating and advised defendant that if he accepted the guilty plea, he would sentence defendant to "15 years at hard labor . . . without the benefit of probation or suspension of sentence." Defendant indicated he understood his sentence. Defendant was subsequently sentenced to 15 years without the benefit of probation or suspension of sentence. Because defendant received the same sentence, which was "imposed in conformity with a plea agreement which was set forth in the record at the time of the plea," he is barred from challenging the excessiveness of his multiple offender sentence on appeal. La. C.Cr.P. art. 881.2(A)(2).

ERROR PATENT DISCUSSION:
The record was reviewed for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990).
The record in this case does not reflect that defendant was properly advised of his right to a jury trial in accordance with La.C.Cr.P. art. 780 or that he knowingly and willingly waived that right before proceeding to a bench trial. This error is not affirmatively raised by either the State or defendant. However, this Court has recognized this issue as a patent error. State v. Lokey, 02-1087 (La.App. 5 Cir. 2/25/03), 840 So.2d 653, 655-656, writ denied, 03-1212 (La.11/7/03), 857 So.2d 518.
Defendant was convicted of distribution of cocaine, which at the time of the offense was punishable by two to thirty years at hard labor. La. R.S. 40:967(B)(4)(b). La.C.Cr.P. art. 782 and Louisiana Constitution Article I, § 17 provide that a case in which the punishment requires confinement at hard labor shall be tried before a jury composed of twelve persons. La.C.Cr.P. art. 780 requires that a defendant be advised of his right to a jury trial. Although the right to a jury trial may be waived in non-capital cases, it must be "knowingly and intelligently" waived. La.C.Cr.P. art. 780(A). Waiver of this right is never presumed. State v. Lokey, supra at 656.
Where no valid jury waiver is found in the record, Louisiana courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954 (La.1981); State v. Lokey, supra. However, in State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963, the Louisiana Supreme Court set out a procedure by which the case is initially remanded to the trial court for an evidentiary hearing on the question of whether the defendant validly waived the right to a jury trial. If the evidence shows that the defendant did not make a valid waiver, the trial court must set aside the conviction and sentence and grant the defendant a new trial. The Supreme Court reserved the defendant's right to appeal any adverse ruling of the waiver issue. This Court has followed the procedure set forth in Nanlal. See State v. Lokey, supra; State v. Herrera, 98-677 (La.App. 5 Cir. 2/10/99), 729 So.2d 75, 80.
Thus, this matter is remanded to the trial court for an evidentiary hearing to determine if defendant validly waived his right to a jury trial. If the trial court determines that there was not a valid waiver of jury trial, the trial judge must set aside the conviction and sentence. If the trial judge determines there was a valid waiver of jury trial, then the trial judge must so rule and defendant's right to appeal the adverse ruling is reserved.
*60 We note that while the trial judge properly advised defendant of the two-year prescriptive period for filing an Application for Post-Conviction Relief pursuant to La. C.Cr.P. art. 930.8 after the original sentence was imposed, he failed to completely advise defendant of this prescriptive period when resentencing him as a multiple offender. Specifically, after imposing the original sentence, the trial court advised defendant he had "two years after the judgment of conviction and sentence become final to apply for post-conviction relief." However, after imposing the enhanced sentence, the trial court failed to advise defendant from when the time period ran and simply advised defendant he had "two years to file for post conviction relief."
This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. See, State v. George, 99-887 (La.App. 5 Cir. 1/4/00), 751 So.2d 973, 975. Accordingly, on remand, if the trial court determines there was a valid waiver of the jury trial, the trial court is ordered to clarify the time from which the prescriptive period runs for seeking post-conviction relief.
We also note an error in the minute entry in that the minute entry for the trial, the original commitment, and the multiple bill commitment indicate defendant was convicted of count three, "40:967A F II SCHEDULE II DIST/WITD OF A CDSCOCAINE." The record is clear that count three charged distribution of cocaine, not intent to distribute cocaine. Additionally, the transcript is clear that the trial judge found defendant guilty of distribution of cocaine, not intent to distribute cocaine. When there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). On remand, the trial court is ordered to correct the minute entry and the commitments to accurately reflect the transcript.

CONCLUSION:
For the foregoing reasons, the defendant's conviction and sentence is conditionally affirmed. This matter is remanded for an evidentiary hearing to determine whether defendant validly waived his right to jury trial and for further proceedings consistent with this opinion.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED FOR EVIDENTIARY HEARING.