922 So.2d 647 (2006)
STATE of Louisiana
v.
Isaac SINGLETON, III.
No. 05-KA-622.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 2006.
*648 Anthony G. Falterman, District Attorney, Convent, Louisiana, Donald D. Candell, Assistant District Attorney, Gonzales, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
On April 23, 2001, defendant, Isaac Singleton, III, was charged by grand jury indictment with two counts of aggravated rape in violation of LSA-R.S. 14:42. Defendant pled not guilty to these charges on May 8, 2001. A motion to waive trial by jury was filed by defense counsel and granted by the trial judge on October 28, 2003. On April 6, 2004, the bill of indictment was amended to charge one count of aggravated rape. On this same day, defendant was rearraigned and pled not guilty. The matter then proceeded to trial, and after considering the evidence presented, the trial court found defendant guilty of aggravated rape.
On January 3, 2005, defendant's motion for new trial was denied. A few months later, on April 4, 2005, defendant's motion in arrest of judgment was denied. After a waiver of delays, defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant now appeals.

*649 FACTS

B.D. testified that defendant, her Aunt Joyce's husband, raped her when she was eleven years old. On March 3, 2001, B.D.'s Aunt Joyce picked her up from a slumber party. After B.D.'s mother got off of work and while B.D. slept on the sofa at her aunt's house, B.D.'s mother, her aunt, and sister went to the store. Thereafter, B.D.'s Aunt Rosa called and wanted to speak to B.D.'s mother. Defendant answered the phone and gave the phone to B.D. who told Rosa that her mother was at the store. B.D. then went back to sleep and awoke with defendant on top of her. B.D. testified that defendant told her to take off her panties and shorts and he stuck his penis inside of her. Thereafter, defendant went to the bathroom and returned with "sticky stuff" on his hands. He rubbed it on his private part and then on her. B.D. testified that he got on top of her and stuck his penis inside of her again. B.D. stated that he told her to put her arms around him and started kissing her breasts. She testified that there was penetration. According to B.D., her mother returned about fifteen to twenty minutes later. Then, they went to her Aunt Rosa's house. She stated that on the way home from her Aunt Rosa's house she told her mother what happened and then went to the hospital. However, she later stated that it was hard to tell her mother what happened so she wrote it on a piece of paper at home. B.D.'s mother testified that she wrote on a note that defendant touched her and then they went to the hospital.
At the hospital, an employee called the sheriff's office and reported that there was a mother there with her eleven year old daughter who said she was raped by her uncle. Detective Sonja Taylor obtained a written statement from B.D. and then B.D. was examined by the physician and evidence was collected.[1] According to Detective Taylor, the story B.D. told her was consistent with the story she told the physician. She also testified that defendant called her and questioned whether the doctor found anything.
According to Angela Ross, an expert in the field of forensic DNA analysis and statistical interpretation, the vaginal and oral swabs taken from B.D. did not contain seminal fluid; however, one of the rectal swabs tested positive for seminal fluid. B.D.'s panties did not contain seminal fluid.
Dr. Scott Benton, an expert in pediatric forensic medicine, interviewed and examined B.D. at Children's Hospital on March 21, 2001. B.D. told Dr. Benton that on March 3, 2001, at around 5:00 p.m., she was sleeping at her Aunt Joyce's house and awoke to find her uncle on top of her with his penis inside of her. She claimed he made noises which were consistent with moaning and told her mother what happened on the way home. Dr. Benton testified that B.D. gave a clear and detailed history of an event involving penile-vaginal penetration by her uncle. He also testified that the physical exam documented by St. James Parish Hospital records and the exam performed by him demonstrated normal findings and were not helpful in denying the event or establishing that it had occurred. However, he noted that it was not unusual to have a medical examination that neither confirmed nor denied previous sexual abuse and that about eighty percent of acute sexual assault exams will have a *650 normal physical finding. He also noted that there were no significant inconsistencies in the history given to him and the history given to St. James Parish Hospital. From his examination, there was no medical proof to indicate defendant had intercourse with B.D.
Defendant testified and agreed that his wife went to pick B.D. up from a slumber party and that later she was sleeping while his wife, B.D.'s mother, and sister went to the store. He also agreed that Rosa called and wanted to talk to B.D. so he woke her up. He stated that Rosa called again to see if B.D.'s mother was back from the store. Then, about ten to fifteen minutes later, his wife and B.D.'s mother returned. He testified that he did not rape B.D. He stated that he had been to B.D.'s house since the incident and that he had brought B.D. and her mother to church.

SUFFICIENCY OF THE EVIDENCE
On appeal, defendant argues that the evidence presented was legally insufficient to support the verdict of aggravated rape because the only evidence was the victim's unbelievable testimony. He contends that no physical evidence exists that the victim was raped by defendant.
The constitutional standard for testing the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. With sexual offenses, the victim's testimony alone can be sufficient to establish the elements of a sexual offense, even if the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense. State v. Turner, 05-75 (La.App. 5 Cir. 5/31/05), 904 So.2d 816, 823.
Defendant was convicted of aggravated rape in violation of LSA-R.S. 14:42 which, at the time of the offense, provided the following:
A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
In addition, rape was defined by LSA-R.S. 14:41 as follows:
A. Rape is the act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.
B. Emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
Defendant argues that the only evidence supporting his conviction was the unbelievable testimony given by the victim and that statements made closer to the time of the incident did not establish penetration, an essential element of the crime.
Likewise, the defendant, in State v. Turner, 904 So.2d at 821, argued that the evidence was insufficient to support the jury's verdict of aggravated rape because the only evidence of rape was the victim's unbelievable testimony. In affirming defendant's conviction, this court considered that from the date of the incident the *651 victim continuously maintained the defendant raped her. Also, the details of the incident were consistent when she told her mother right after the incident, the police officers, the doctors, and in her taped statement two weeks after the incident. After acknowledging that the jury made a credibility judgment by believing the victim's version of the events over the defendant's version, this court found that the state proved the essential elements of the crime beyond a reasonable doubt. Id. at 823.
In State v. Tapps, 02-0547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, 1001, writ denied, 02-2921 (La.4/21/03), 841 So.2d 789, this court held that the juvenile victim's testimony alone, even absent any additional physical evidence presented by the state, was sufficient to establish the elements of the offense of forcible rape.
In the present case, B.D. testified at trial that defendant stuck his penis inside of her and that there was penetration. Although there were some inconsistencies regarding at what point B.D. told her mother about the incident, B.D. consistently, through statements, interviews, and testimony, described the details of the incident and maintained that defendant committed an act of rape on her which included penetration. Moreover, certain aspects of B.D.'s version of the incident were corroborated by the testimony of other witnesses. For example, both defendant and B.D.'s Aunt Rosa testified that Rosa called at the time when defendant was alone with B.D. Also, B.D.'s mother and defendant himself testified that she went to the store and defendant was left alone with B.D.
After listening to the testimony presented, the judge made a credibility determination and obviously believed B.D.'s version of events over defendant's version. The trier of fact shall evaluate the witnesses' credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. State v. Crawford, 03-1494 (La.App. 5 Cir. 4/27/04), 873 So.2d 768, 786, writ denied, 04-1744 (La.5/6/05), 901 So.2d 1083. It is not the function of the appellate court to assess the credibility determinations of the trier of fact or to reweigh the evidence. State v. Carter, 98-24 (La.App. 5 Cir. 5/27/98), 712 So.2d 701, 708, writ denied, 98-1767 (La.11/6/98), 727 So.2d 444. Viewing the evidence in the light most favorable to the prosecution, we find that the state proved the essential elements of the crime beyond a reasonable doubt. Accordingly, this assigned error is without merit.

VALIDITY OF JURY TRIAL WAIVER
In addition to the brief filed by his counsel, defendant filed a pro se brief challenging the validity of his waiver of a jury trial. Defendant argues that the trial court did not have legislative authority to hold a bench trial in this capital case even though the district attorney did not seek a capital verdict. He further argues that even if he was entitled to waive a jury trial, his attorney's motion requesting a bench trial was not sufficient evidence to establish a valid waiver of his right to a jury trial.
We will first address the issue of whether the trial court had authority to conduct a bench trial.
LSA-R.S. 14:42(D)(2) provides for the aggravated rape penalty when the victim was under the age of twelve years old:
(a) And if the district attorney seeks a capital verdict, the offender shall be punished by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, in accordance with the determination of the jury. The provisions of C.Cr.P. Art. 782 *652 relative to cases in which punishment may be capital shall apply.
(b) And if the district attorney does not seek a capital verdict, the offender shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The provisions of C.Cr.P. Art. 782 relative to cases in which punishment is necessarily confinement at hard labor shall apply.
Article I, § 17 of the Louisiana Constitution provides, in pertinent part, that: "[a] criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict ... Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury."
While no cases were found directly on point, the following cases lend guidance for this court's analysis of this issue. In State v. Louviere, 00-2085 (La.9/4/02), 833 So.2d 885, 893, cert. denied, 540 U.S. 828, 124 S.Ct. 56, 157 L.Ed.2d 52 (2003), the Louisiana Supreme Court noted that the right to trial for criminal defendants derives from Article I, § 16. It decided that nothing in Article I, § 17 required the jury to decide all phases of the trial, from indictment to sentence, and that only the issue of the ultimate penalty of death is strictly required to be put before the jury. In this case, which involved a defendant who pled guilty to first degree murder, the court found that the Louisiana Constitution did not preclude defendant from pleading guilty and waiving a guilt-phase jury trial.
In State v. Kinsel, 00-1610 (La.App. 5 Cir. 3/28/01), 783 So.2d 532, 539, writ denied, 01-1230 (La.3/28/02), 812 So.2d 641, the defendant was convicted of aggravated rape of a juvenile under the age of twelve years by a non-unanimous jury. In this case, the defendant argued that the trial court erred in failing to require a unanimous verdict for his aggravated rape conviction, which carried a potential capital sentence, although the state did not seek the death penalty. This court found defendant's argument to be without merit, finding that the provisions of LSA-C.Cr.P. art. 782[2] were properly triggered when the state did not seek the death penalty and, therefore, the trial court did not err in failing to require a unanimous verdict.
In State v. Kinsel, the defendant also argued that since this was a capital offense for procedural purposes, the trial court erred by failing to sequester the jury. This court noted that in a noncapital case the trial judge had discretion whether or not to sequester a jury.
After considering the above jurisprudence and its implications, we find that since the state did not seek a capital verdict, defendant was entitled to waive his right to a jury trial.[3] However, we find *653 that there was not sufficient evidence to show a valid waiver.
LSA-C.Cr.P. art. 780[4] requires that a defendant be advised of his right to trial by jury; in addition, subsection (A) provides that although the right to trial by jury may be waived in noncapital cases, it must be knowingly and intelligently waived. Waiver of this right is never presumed. State v. Goodwin, 05-51 (La.App. 5 Cir. 6/28/05), 908 So.2d 56, 59.
Although it is the preferred method for the district court to advise the defendant of the right to trial by jury in open court before obtaining a waiver, such practice is not statutorily required. In addition, although preferred, it is not necessary for the defendant to waive the jury trial right personally. Defense counsel may waive the defendant's right to a jury trial on his behalf as long as the defendant's decision to do so was made knowingly and intelligently. State v. McCloud, 04-1112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498, 503.
In the present case, defense counsel, on October 28, 2003, filed a motion to waive trial by jury. In the motion which was signed only by defense counsel, counsel asserted that he consulted with defendant and that defendant fully understood and wished to waive his right to a trial by jury. On the same date that the motion was filed, the trial judge granted the motion allowing defendant to waive his right to trial by jury and to be tried by judge alone. There is no other mention of defendant's jury rights contained in the record. Defendant, in his pro se brief, now asserts that he did not actually see or read the motion filed by his attorney which requested a bench trial and, therefore, did not knowingly and intelligently waive his right to a jury trial. He contends that he left the decision to waive his right to a jury trial to his attorney and in retrospect realizes that his attorney misinformed him about the options and benefits of a jury trial. We find merit to this argument.
In State v. Zeringue, 03-697 (La.App. 5 Cir. 11/25/03), 862 So.2d 186, writ denied, 03-3523 (La.4/23/04), 870 So.2d 298, this court concluded that a letter from the defense counsel to the judge stating that the defendant chose to waive his right to a jury trial was not sufficient evidence that defendant knowingly and intelligently waived his jury trial right. The court noted that there was nothing to show that defense counsel extensively discussed the right with the defendant or that defendant understood his right and knowingly and intelligently waived it. Moreover, the court had not accepted the waiver in the defendant's presence.
Where no valid waiver is found in the record, Louisiana courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954 (La.1981); State v. Miller, 517 So.2d 1113 (La.App. 5 Cir. 1987), writ denied, 523 So.2d 1335 (La.1988). However, the Louisiana Supreme Court, in State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963, set forth a procedure by which the case is initially remanded to the trial court for an evidentiary hearing on the question of whether defendant validly waived the right to a jury trial. The Nanlal court held that, if *654 the evidence shows that defendant did not make a valid waiver, the trial court must set aside the conviction and sentence and grant defendant a new trial. The Supreme Court reserved the defendant's right to appeal any adverse ruling on the waiver issue.
This court has followed the procedure set forth by the Louisiana Supreme Court in Nanlal. See, State v. Terrase, 02-1009 (La.App. 5 Cir. 2/25/03), 841 So.2d 947, 950; State v. Zeringue, 862 So.2d at 195, State v. Goodwin, 908 So.2d at 59.
Based on the foregoing, we will remand this case for an evidentiary hearing on the question of whether defendant validly waived his right to a trial by jury. If he did not, the trial judge must set aside the conviction and sentence and set the case for further proceedings as dictated by the holding in Nanlal. If the trial court finds that there was a valid waiver, defendant's right to appeal that ruling will be reserved.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals that defendant was not notified of the sex offender registration requirements set forth in LSA-R.S. 15:540, et seq. LSA-R.S. 15:543(A) requires the court to notify a defendant of the registration requirements as follows: "The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant." In recent decisions, this court has expanded the trial court's duty and has also required the trial court to notify the defendant of the registration requirements of the sexual predator statute, LSA-R.S. 15:542.1. See, State v. Thompkins, 04-1062 (La.App. 5 Cir. 2/15/05), 896 So.2d 1165, 1170-1172, and State v. Turner, 05-75 (La.App. 5 Cir. 5/31/05), 904 So.2d at 824-825. This court has held that the trial court's failure to provide this notification constitutes an error patent and warrants a remand for written notification. See, State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166-1167.
Accordingly, for the reasons assigned herein, the conviction and sentence of defendant are conditionally affirmed on the evidence in the record on appeal. However, a final determination of the appeal is pretermitted, and the case is remanded to the trial court to conduct an evidentiary hearing on the question of whether defendant validly waived his right to a jury trial, and for further proceedings, if necessary, pursuant to the holding in Nanlal. If the evidence shows that defendant did not make a valid waiver of his right to a jury trial, the district court must set aside his conviction and sentence and grant him a new trial. If, after the hearing, defendant is found to have validly waived his right to a trial by jury, we direct the trial judge to provide written notification to defendant of the general sex offender registration provisions of LSA-R.S. 15:543 and the sexual predator registration provisions of LSA-R.S. 15:542.1. Defendant may appeal from any adverse ruling on the waiver issue, and in the absence of such an appeal, defendant's conviction and sentence will be affirmed.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED FOR EVIDENTIARY HEARING.
NOTES
[1] B.D.'s written statement, State's Exhibit 1, was given on March 4, 2001 at 1:20 a.m. and provided that she was sleeping while her mother, sister, and aunt went to the store. She explained that her Aunt Rosa called and she went back to sleep. She awoke with defendant on top of her and with his penis inside of her.
[2] LSA-C.Cr.P. art. 782 provides:

A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
B. Trial by jury may be knowingly and intelligently waived by the defendant except in capital cases.
[3] We further note that several cases in which the defendant was charged with the aggravated rape of a child under twelve have involved bench trials. See, State v. Ross, 03-0564 (La.App. 3 Cir. 12/17/03), 861 So.2d 888, writ denied, 04-0376 (La.6/25/04), 876 So.2d 829; State v. Chatman, 37,523 (La.App. 2 Cir. 9/24/03), 855 So.2d 875, writ denied, 03-2821 (La.2/13/04), 867 So.2d 685; State v. Holley, 01-0254 (La.App. 3 Cir. 10/3/01), 799 So.2d 578.
[4] LSA-C.Cr.P. art. 780(A) provides: "A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury."