# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 14-1227

**STATE OF LOUISIANA**

**VERSUS**

**LAKEN ANDREW JOHNSON**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2014-0654
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and
Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**H. Todd Nesom, District Attorney**
**Joe Green, Assistant District Attorney**
**P.O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
 **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Laken Andrew Johnson**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On November 4, 2013, the grandfather of Defendant, Laken Andrew Johnson, was found dead in his bath tub. An expert in forensic pathology testified the victim had a "shotgun gunshot wound on his abdomen," and the death was determined to be a homicide. According to a statement given by Defendant (age eighteen at the time), he accidentally shot his grandfather, with whom he lived. Defendant also told police that he planned to meet a girl in Houston. Both the victim's wallet and a "wrapper for $2,000.00 currency" were located in a trash can in the kitchen of the victim's residence. A suitcase was seized from Defendant's pick up truck, which contained a plane ticket in Defendant's name along with $10,500.00 in currency.

On February 20, 2014, Defendant was charged by grand jury indictment with one count of second degree murder, a violation of La.R.S. 14:30.1; one count of theft of property valued at $1,500 or more, a violation of La.R.S. 14:67; and one count of obstruction of justice, a violation of La.R.S. 14:130.1(B)(1). Thereafter, on March 11, 2014, the Defendant pled not guilty to the charges. Having previously filed a written waiver of jury trial, the Defendant entered an oral waiver of his right to jury trial on August 18, 2014. On August 20, 2014, Defendant proceeded to a three–day bench trial. The trial judge found Defendant guilty as charged on all three counts. Subsequently, on September 10, 2014, the trial judge sentenced the Defendant as follows: 1) Second degree murder (count one) – life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence; 2) Theft (count two) – ten years at hard labor, to run concurrently with count one; and 3) Obstruction of justice (count three) – ten years at hard labor, to run concurrently with counts one and two.

On September 18, 2014, Defendant filed a "Motion for New Trial/Post Verdict Judgment of Acquittal and Motion to Reduce Sentence."[1] On that same date, the Defendant filed a Motion for Appeal, which was granted on September 24, 2014. At a hearing held on December 3, 2014, the trial court denied the motion for new trial, motion for post verdict judgment of acquittal, and motion to reduce sentence.

Defendant is now before this court on appeal alleging one assignment of error as to his waiver of his right to a jury trial. For the following reasons, we find no merit to this assignment and affirm.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find one error patent that is harmless.

Defendant's charges entitled him to a jury trial. *See* La.R.S. 14:30.1, 14:67, 14:130.1(B)(1), and La.Code Crim.P. art. 782. On August 15, 2014, five days prior to trial, Defendant waived his right to a jury trial via a written waiver signed by both him and his attorney. The written waiver was followed up with a waiver in open court on August 18, 2014. The initial trial fixing in this case was July 14, 2014.

Louisiana Code of Criminal Procedure Article 780 now requires a waiver of jury trial "not later than forty-five days prior to the date the case is set for trial." However, La.Code Crim.P. art. 780(C) allows a waiver *within forty-five days prior to the commencement of trial* with the consent of the district attorney. As previously mentioned, Defendant waived his right to a jury trial on August 15,

---

[1] The motion for new trial and motion for post-verdict judgment of acquittal were filed after sentence was imposed. Thus, in accordance with La.Code Crim.P. arts. 821 and 853, the motions were filed untimely.

2014, while present in open court with his attorney when his right to a jury trial was discussed and waived. The State did not object to the waiver. Thus, we conclude any violation of the forty-five day rule of La.Const. art. 1, § 17 is harmless and no violation of La.Code Crim.P. art. 780 occurred.

## ASSIGNMENT OF ERROR

In his only assignment of error, Defendant asserts the trial court erred in concluding he made a knowing and intelligent waiver of his right to a trial by jury.

A written Motion to Waive Trial by Jury was filed by Defendant's attorney on August 15, 2014. That motion was signed by Defendant's attorney, but not by Defendant. A second written Motion to Waive Trial by Jury was filed on August 15, 2014 – this one being signed by Defendant, his attorney, and the Assistant District Attorney. The trial judge signed the order attached to the motion, which stated, "IT IS ORDERED that the captioned cause be tried by Judge alone, trial by jury having been ~~intelligently~~ waived." The record reflects no explanation as to why the word intelligently was struck through. Thereafter, on August 18, 2014, the trial court held a hearing wherein it engaged in a personal colloquy with the Defendant regarding his jury trial waiver:

THE COURT:

Stand, please, and raise your right hand and be sworn. (The defendant is sworn by the clerk.) Sir, the reason that you're here today is a motion and order to waive the jury trial was filed in your case on Friday. It was signed by yourself, your attorney and the District Attorney for the Thirty-third Judicial District. And I need to have this discussion on the record because I need to make sure that you're knowingly and intelligently waiving your right to a jury trial. Because once you waive it, then you can't undo that. We actually have jurors coming in at 10:00 o'clock today and we're ready, willing and able to pick a jury and to give you your right to a jury trial. Because when a jury is empaneled, you would have twelve people who hear the evidence and decide whether or not the State has proven your guilt beyond a reasonable doubt. And in order to convict you, ten of those twelve would have to agree on a verdict of guilty to either that charge or a lesser included offense. Or if ten of the twelve found

3

you not guilty, then you would be acquitted of the charge. And that is verses [sic] a judge hearing the case and the judge deciding whether or not the State had proven your guilt beyond a reasonable doubt, and thus finding you guilty of that charge or a lesser included offense. And so that's why we're here. First of all, how old are you?

THE DEFENDANT:

Nineteen.

THE COURT:

Okay. And how far in school did you get?

THE DEFENDANT:

Well, I was twelve years. I had six months left prior to my arrestation [sic] before I was finished with high school. I got arrested six months before I graduated.

THE COURT:

So you have not graduated from high school?

THE DEFENDANT:

No, sir.

THE COURT:

Okay. Are you able to read and write?

THE DEFENDANT:

Yes, sir.

THE COURT:

And do you understand the English language?

THE DEFENDANT:

Yes, sir.

THE COURT:

How were your grades in school?

THE DEFENDANT:

4

From the time, anywhere from tenth grade, A and B honor roll. But anywhere from tenth to twelfth and I started getting into higher science and stuff like that. I kind of started making 80's and some 90's. Not as many 100's, but anywhere from 80 to 88 to 90 or something like that.

THE COURT:

Okay. So you made B's and C's?

THE DEFENDANT:

Yes, sir.

THE COURT:

And maybe A's, too. So we're not here to decide whether or not you're a Rhodes Scholar or something like that. We're just here to decide whether you have just basic intelligence and the ability to understand what is taking place here today.

THE DEFENDANT:

Yes, sir.

THE COURT:

So do you have any mental or physical disabilities, handicaps, afflictions or disease that might affect your ability to understand what is taking place today?

THE DEFENDANT:

I'm really not sure, because I haven't, you know – In other words, I spoke with a doctor or whatever. But I haven't heard from him or anything like that. My attorney might have, but I don't know. In my own head, not as I know of.

THE COURT:

So you know where you are and you know what is going on?

THE DEFENDANT:

Oh, yes, sir.

THE COURT:

You're lucid and you're cognizant of what is going on?

THE DEFENDANT:

I took that the wrong way.  My bad, Your Honor.

THE COURT:

No, you probably took it right, but I just need to make sure that you're not having any sort of episodes or anything like that . . .

THE DEFENDANT:

No, sir.

THE COURT:

. . .that would prevent you from understanding what is taking place here today?

THE DEFENDANT:

No, sir.

THE COURT:

You're clear headed and lucid and know what is going on?

THE DEFENDANT:

Yes, sir, Your Honor.

THE COURT:

Have you taken any regular medication of any sort?

THE DEFENDANT:

When I was in Marksville, I took Prozac daily – on a daily basis.

THE COURT:

Okay.  And what was that for?

THE DEFENDANT:

I'm not really sure.  For anxiety, stress . . .

THE COURT:

Depression?

THE DEFENDANT:

Something like that.

THE COURT:

Well, let's go ahead – The Court finds that Mr. Johnson has the requisite mental capacity to understand what is taking place here today. So we just need to discuss as far as waiving a jury. I touched on it before, but since you are charged with a felony offense, you have the right to have a jury trial. That is where a cross section of the adult population of Louisiana is called to court. We would choose their names at random of those people who the Court finds are qualified. They would be then put on voir dire. That is where both attorneys, both the State's attorney and your attorney, would question them and try to show whether or not there was some reason they could not be fair and impartial in their case. And you would enjoy the right to excuse those persons if you wanted them challenged for cause. That means that they've stated on the record some particular reason why they could not be fair and impartial. And then once challenged for cause, the Court would decide whether or not that person was able to serve. And if they were not, then the Court would challenge them for cause. Thereafter, there are also peremptory challenges. And that means that you could knock people off or out of the jury for whatever reason you want, other than race. And so you would be able to have significant in-put in who comprises your jury. And then the jury would hear the evidence and decide whether or not the State had proven your guilt beyond a reasonable doubt. Now the waiver of a jury trial is something which the law does allow and it requires that you sign the waiver of the jury trial together with your attorney. And since you filed a waiver within forty-five days of trial, the District Attorney of the Thirty-third Judicial District would have to approve and sign off on it, and he did sign off on it. So all of – I guess the requisite requirements for waiver have been done. But the Court just needs to make sure that you understand the effects of waiving your right to a jury trial. And once you waive it, if we start having a judge trial, you can't ever undo it. It's irrevocable. And so once the Court grants your motion to waive the jury trial, if fifteen minutes from now you change your mind and say, "You know, I've been thinking about and I'd rather have a jury." Well, you would have waived it and you can't undo it. So do you have any questions regarding waiving a jury trial?

THE DEFENDANT:

No, sir.

THE COURT:

Okay. Do you feel that you understand that you have the right to a jury trial?

THE DEFENDANT:

Yes, sir.

THE COURT:

And that you can waive it?

THE DEFENDANT:

Yes, sir.

THE COURT:

Do you understand that?

THE DEFENDANT:

Yes, sir.

THE COURT:

And do you understand that if you waive it, then you are going to have a judge trial?

THE DEFENDANT:

Yes, sir.

THE COURT:

That is where I would hear the evidence and decide whether or not the State had proven your guilt beyond a reasonable doubt. Do you understand that?

THE DEFENDANT:

Yes, sir. Your Honor.

THE COURT:

Okay. Do you need any time to discuss waiver of the jury with your attorney?

THE DEFENDANT:

No, sir.

THE COURT:

Okay. Do you want to waive a jury trial?

8

THE DEFENDANT:

Yes, sir.

THE COURT:

Very well. Then the Court finds that Mr. Johnson has knowingly and intelligently waived his right to a jury trial and therefore this matter will proceed by a bench trial. And that will be either later this week or the week of September 8th. Okay? All right. Thank you, sir. Have a nice day.

In brief, appellate counsel asserts that the "limited comments made by Laken to the trial court should have put the court on notice that Laken might have some problems understanding the proceedings." Appellate counsel further asserts that a reversal of Defendant's convictions and sentences is warranted because his responses "fell short of a knowing and intelligent waiver of the right to a trial by jury" and because his responses indicate that it is "quite probable" that the Defendant suffers from a mental disease or defect. Alternatively, appellate counsel requests the case be remanded to the trial court for a hearing to determine whether Defendant knowingly and intelligently waived his constitutional right to a jury trial.

The State, on the other hand, asserts that Defendant gave appropriate responses to the trial court's direct questions, and "[t]here is nothing in the record to indicate that the defendant had any difficulty in understanding the waiver. . . ." The State further asserts that Defendant actively participated in his defense and testified on his own behalf.

In *State v. Bazile*, 12-2243, pp. 17-18 (La. 5/7/13), 144 So.3d 719, 733 (citations omitted) (footnote omitted), the supreme court stated the following in reference to a defendant's waiver of jury trial:

To be valid, a defendant's waiver of his right to jury trial must be knowing and intelligent. *Adams* [*v. United States ex rel. McCann*],

9

317 U.S. [269,] at 277-278, 63 S.Ct. [236,] at 236 [(1942)]. "[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Id.*, 317 U.S. at 278, 63 S.Ct. at 241. The state constitution and Louisiana criminal procedure also require a criminal defendant's waiver of his right to trial by jury to be both knowing and intelligent. *See* La.Const. art. I, § 17(a) and La.C.Cr.P. art. 780(A). . . .

In this context, a criminal defendant's jury waiver is deemed knowing and intelligent when he understands "that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge." That is all the defendant needs to know and understand. "Greater proof of knowing and intelligent waiver has been neither constitutionally nor jurisprudentially required."

Citing the fifth circuit, this court has stated the following regarding a waiver of jury trial:

> LSA-C.Cr.P. art. 780 requires that a defendant be advised of his right to trial by jury; in addition, subsection (A) provides that although the right to trial by jury may be waived in noncapital cases, it must be knowingly and intelligently waived. Waiver of this right is never presumed. *State v. Goodwin*, 05-51 (La.App. 5 Cir. 6/28/05), 908 So.2d 56, 59.

> Although it is the preferred method for the district court to advise the defendant of the right to trial by jury in open court before obtaining a waiver, such practice is not statutorily required. In addition, although preferred, it is not necessary for the defendant to waive the jury trial right personally. Defense counsel may waive the defendant's right to a jury trial on his behalf as long as the defendant's decision to do so was made knowingly and intelligently. *State v. McCloud*, 04-1112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498, 503.

*State v. Guillory*, 12-936, p. 22 (La.App. 3 Cir. 3/6/13), 129 So.3d 108, 121

(quoting *State v. Singleton*, 05-622, p. 10 (La.App. 5 Cir. 1/31/06), 922 So.2d 647, 653).

We find no merit to Defendant's assertion that his waiver was not knowingly and intelligently entered. The trial judge explained to Defendant in detail the

difference between a jury trial and a bench trial. Defendant answered responsively and appropriately to all questions by the trial court. Additionally, Defendant had been through almost twelve years of school before he was arrested, made good grades, and stated that he was clear-headed and lucid. Defendant's appellate counsel points to nothing in the record to indicate that Defendant had any difficulty understanding his waiver of jury trial.

Accordingly, we find this assignment of error lacks merit, and Defendant's convictions and sentences are affirmed.

**AFFIRMED.**